PHILLIP ALSUP AND GERARD CARON, PLAINTIFFS-APPELLANTS v. THOMAS PITMAN AND HIRAM BELL, DEFENDANTS-APPELLEES

No. 894SC596

(Filed 1 May 1990)

**Costs § 4 (NCI3d) — deposition expenses — taxing as costs — discretion of court**

The trial court had full authority to tax, in its discretion, deposition expenses as costs pursuant to N.C.G.S. §§ 1A-1, Rule 41(d), and 6-20.

**Am Jur 2d, Costs § 56.**

APPEAL by plaintiffs from Order of *Judge James R. Strickland*, entered 13 March 1989 in ONSLOW County Superior Court. Heard in the Court of Appeals 14 November 1989.

*Beaver, Thompson, Holt & Richardson, P.A., by Mark A. Sternlicht and Richard B. Glazier, for plaintiff appellants.*

*Womble Carlyle Sandridge & Rice, by William E. Moore, Jr., for defendant appellees.*

COZORT, Judge.

On 8 October 1988, the plaintiffs filed a notice of voluntary dismissal of the case below (a malpractice action). On the same day, they filed a new complaint based on the original claims. On 16 November 1988, the defendants filed a motion pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure to tax the plaintiffs with costs, including expenses for taking depositions. On 6 January 1988, the clerk of superior court ordered that the plaintiff be taxed with deposition expenses in the amount of $4,620.74. On 13 March, the trial court, after considering memoranda and arguments of counsel, affirmed the clerk's order.

On appeal, the plaintiffs contend that the trial court erred in taxing expenses for depositions as costs. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 41(d) provides that

A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff

who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

The North Carolina Rules of Civil Procedure are modeled on the federal rules, and our Rule 41(d) is substantially the same as the federal rule. *Sutton v. Duke*, 277 N.C. 94, 99, 176 S.E.2d 161, 163 (1970); Fed. R. Civ. P. 41(d). Its purpose, "aside from securing the payment of costs, is to prevent vexatious suits made possible by the ease with which a plaintiff may dismiss . . . ." 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.16 (2d ed. 1985); *see also* 9 C. Wright and A. Miller, Federal Practice and Procedure § 2375 (1971).

N.C. Gen. Stat. § 6-20 provides that in those civil actions not enumerated in § 6-18, "costs may be allowed or not, *in the discretion of the court*, unless otherwise provided by law." (Emphasis added.) The malpractice action voluntarily dismissed by the plaintiff falls within the scope of § 6-20, and this Court has held that § 6-20 authorizes trial courts to tax deposition expenses as costs. *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982). "As a general rule, recoverable costs may include deposition expenses unless it appears that the depositions were unnecessary. Even though deposition expenses do not appear expressly in the statutes they may be considered as part of 'costs' and taxed in the trial court's discretion." *Id.* (citation omitted).

Based on the language of N.C. Gen. Stat. § 7A-320, enacted in 1983, the plaintiffs maintain that *Dixon* has been overruled legislatively. Section 7A-320 of Article 28 dealing with costs and fees in the trial divisions, states: "The costs set forth in this Article are complete and exclusive, and in lieu of any other costs and fees." The plaintiffs contend alternatively that *Dixon* has been limited by the subsequent case of *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d

ALSUP v. PITMAN

[98 N.C. App. 389 (1990)]

616 (1985). We do not adopt either the plaintiffs' interpretation of § 7A-320 or their characterization of *Wade*.

The plaintiffs observe, correctly, that statutes on the same subject are to be construed together. We note that § 7A-305, which specifies in subsection (d) the costs recoverable in civil actions, also provides in subsection (e) that "[n]othing in this section shall affect the liability of the respective parties for costs as provided by law." Consequently, we find that the authority of trial courts to tax deposition expenses as costs, pursuant to § 6-20, remains undisturbed.

Moreover, since the enactment of § 7A-320, this Court has twice recognized that the taxing of deposition expenses lies within the trial court's discretion. The issue before the Court in *Williams v. Boylan-Pearce, Inc.*, was "whether deposition fees and expert witness fees are costs within the purview of" § 6-18. 69 N.C. App. 315, 321, 317 S.E.2d 17, 21, *disc. review denied*, 312 N.C. 65, 323 S.E.2d 927 (1984), *decision aff'd*, 313 N.C. 321, 327 S.E.2d 870 (1985). The Court held:

> In *Dixon, Odom & Co. v. Sledge*, this court said a trial court in its discretion may tax deposition costs as part of the 'costs' of an action. In this action the court in its discretion refused to award deposition expense. We are unable to find any abuse of discretion and therefore affirm the court's order.

*Id.* (citation omitted). In *Wade v. Wade*, the Court addressed the question of "reimbursement for appraisal fees as cost[s]," and the Court held: "We are aware that we have approved an award of deposition fees not expressly allowed by statute, following the general definition of 'costs' in other jurisdictions. Unless an expert witness is subpoenaed, however, the witness' fees are not generally recognized as costs." 72 N.C. App. 372, 384, 325 S.E.2d 260, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985) (citations omitted). Although the issue in *Wade* was not deposition expenses, the holding in that case acknowledges the authority of trial courts to tax those expenses as costs.

The trial court in the case below had full authority to tax, in its discretion, deposition expenses as costs pursuant to N.C. Gen. Stat. §§ 1A-1, Rule 41(d), and 6-20. We find no abuse of the court's discretion. Accordingly, the trial court's order of 13 March 1989 is

**HONIG v. VINSON REALTY CO.**

[98 N.C. App. 392 (1990)]

Affirmed.

Judges JOHNSON and LEWIS concur.