BARBARA J. SEALEY, Plaintiff v. WILLIAM B. GRINE, M.D.; ADEL MOHAMED, M.D.; ADEL MOHAMED, M.D., P.A.; and MOHAMED & LIPPITT UROLOGY CENTER, P.A., Defendants

No. 9311SC855

(Filed 21 June 1994)

1. **Costs § 9.1 (NCI4th)— voluntary dismissal—costs taxed in subsequent actions**

    The trial court did not err by taxing costs in a previous action where plaintiff filed a complaint alleging medical malpractice, breach of contract, intentional infliction of emotional distress, unfair and deceptive practices, and fraud; plaintiff took a voluntary dismissal as to three of those causes of action; partial summary judgment was granted against plaintiff as to certain issues and certain defendants; plaintiff filed a voluntary notice of dismissal as to its remaining causes of action; defendants' motion for costs was never calendared for hearing; plaintiff subsequently filed another complaint arising from the same treatment; defendants refiled the motion for costs; and the court granted that motion. Language in N.C.G.S. § 1A-1, Rule 41(d) constitutes a mandatory directive to the trial court, and payment of costs taxed in the first action is a mandatory condition precedent to the bringing of a second action on the same claim. The filing of a notice of dismissal does not terminate the court's authority to enter orders apportioning and taxing costs.

    **Am Jur 2d, Costs §§ 4 et seq.**

2. **Costs § 47 (NCI4th)— medical malpractice—costs—deposition expenses included—copies of x-rays and records not included**

    The trial court did not err in an action arising from an allegedly negligent lithotripsy by taxing as costs deposition expenses where there was no assignment of error to the finding that the costs were reasonable and necessary. However, the record does not show that expenses for copies of x-rays and records related to depositions, these costs are not enumerated in N.C.G.S. § 7A-305(d), and the court erred in taxing these expenses as costs.

    **Am Jur 2d, Costs § 57.**

    Judge McCRODDEN concurring.

SEALEY v. GRINE

[115 N.C. App. 343 (1994)]

Appeal by plaintiff from order entered 28 June 1993 in Johnston County Superior Court by Judge William C. Gore, Jr. Heard in the Court of Appeals 21 April 1994.

*Barrow, Redwine and Davis, by Paul D. Davis and Kenneth C. Haywood, for plaintiff-appellant.*

*Walker, Young & Barwick, by Robert D. Walker, Jr. and Sarah E. Edwards, for defendant-appellees.*

GREENE, Judge.

Barbara J. Sealey (plaintiff) appeals from an order entered in open court on 28 June 1993 and signed 30 June 1993, granting William B. Grine, M.D., Adel Mohamed, M.D., Adel Mohamed, M.D., P.A., and Mohamed & Lippitt Urology Center, P.A.'s (defendants) motion to tax plaintiff with the costs incurred by defendants in the defense of the action bearing file number 90 CvS 0635.

In an action with the file number 90 CvS 0635, plaintiff filed a complaint signed 10 April 1990 against William B. Grine, M.D. (Dr. Grine), Adel Mohamed, M.D. (Dr. Mohamed), and Carolina Lithotripsy, a limited partnership (Carolina), containing seven causes of action alleging that in treating plaintiff's kidney stone with lithotripsy, (1) Dr. Grine was grossly negligent; (2) Dr. Grine's negligence is imputed to Carolina; (3) Dr. Mohamed was grossly negligent; (4) Dr. Grine and Carolina breached a contract with her; (5) Dr. Grine, Carolina, and Dr. Mohamed's actions caused plaintiff intentional infliction of emotional distress; (6) Carolina's actions constituted unfair and deceptive practices; and (7) Dr. Grine, Carolina, and Dr. Mohamed committed actual and constructive fraud on plaintiff.

The trial court allowed plaintiff to amend her complaint on 12 April 1990 to join Adel Mohamed, M.D., P.A. (Mohamed, P.A.) as an additional named party defendant. Dr. Grine, Dr. Mohamed, and Mohamed, P.A. responded to plaintiff's amended complaint by moving to dismiss pursuant to Rule 12(b)(6), by moving to strike plaintiff's fifth, sixth, and seventh causes of action pursuant to Rule 12(f), by denying any negligence on their part, and by requesting the action be dismissed and costs be taxed against plaintiff. Carolina filed a separate answer and motion to dismiss.

On 5 February 1992, plaintiff took a voluntary dismissal of her fourth, fifth, sixth, and seventh causes of action. On 10 February 1992, upon motion by Carolina, the trial court granted summary judgment in Carolina's favor. Also on 10 February 1992, the trial court granted Dr. Grine, Dr. Mohamed, and Mohamed, P.A.'s motion "for partial summary judgment on the issue of 'Informed Consent'" and dismissed plaintiff's action "with respect to any claim based upon a lack of informed consent."

On 14 February 1992, plaintiff filed a notice of dismissal pursuant to Rule 41 of the North Carolina Rules of Civil Procedure for the remaining causes of action against defendants. On 25 February 1992, Dr. Grine, Dr. Mohamed, and Mohamed, P.A. moved the court "for an order taxing the costs of this action" (No. 90 CvS 0635). This motion, however, was never calendared for hearing.

On 10 February 1993, plaintiff filed a complaint, in an action with the file number 93 CVS 283, against defendants for negligence in the lithotripsy treatment of plaintiff for a kidney stone. On 23 February 1993, defendants refiled a motion to tax costs pursuant to Rule 41 because in action 90 CvS 0635, plaintiff "sought money damages from all defendants based upon allegations arising from the same series of transactions and occurrences set forth and described in the claim for relief" in this action, 93 CVS 283, plaintiff filed a voluntary dismissal as to four of her seven causes of action in 90 CvS 0635, she took a dismissal as to the remaining causes of action in 90 CvS 0635, defendants filed a motion to tax costs on 25 February 1992, and plaintiff has not made any attempt to pay such costs. The trial court, in an order signed 30 June 1993, made the following findings of fact:

3. . . . defendants undertook the de bene esse deposition of Dr. James L. Lingeman, a nationally known expert in the field of lithotripsy, whose testimony was vital to the defense of this action by the defendants.

. . . .

6. The Court finds as a further fact that the action initially filed by the plaintiff . . . bearing File Number 90 CvS 0635, was not filed in forma pauperis.

. . . .

9. The Court, in its discretion, finds as a fact that the costs enumerated and set forth in Exhibit A of this order, which is

incorporated herein by reference, are reasonable and necessary costs, and should be taxed against the plaintiff in the amounts indicated thereon.

Exhibit A, which consisted of expenses totaling $11,526.98, specifically listed $615.00 in expenses "for copies of x-ray films" and $164.25 "for copies made of records" and also included expenses for taking depositions, court reporting services for depositions, traveling for Dr. Lingeman's deposition, videotaping depositions, obtaining copies of depositions from a reporting service, and subpoena service fees. The court then concluded it had the authority and jurisdiction to tax costs and ordered plaintiff to pay costs of $11,526.98 incurred by defendants "in the defense of the case bearing File Number 90 CvS 0635."

---

The issues presented are whether (I) a trial court, in one action, can, under N.C. Gen. Stat. § 1A-1, Rule 41(d), tax costs incurred in an earlier action that was voluntarily dismissed; and (II) a trial court can tax costs for deposition expenses.

I

**[1]** N.C. Gen. Stat. § 1A-1, Rule 41, which governs dismissal of actions, provides in pertinent part:

> (d) *Costs.*—A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

N.C.G.S. § 1A-1, Rule 41(d) (1990). This language "constitutes a mandatory directive to the trial court," and "payment of costs taxed in the first action is a mandatory condition precedent to the bringing of a second action on the same claim." *Sims v. Trailer Sales Corp.,* 18 N.C. App. 726, 728, 730, 198 S.E.2d 73, 75-76, *cert. denied,* 283 N.C. 754, 198 S.E.2d 723 (1973); *Sanford v. Starlite Disco,* 66 N.C. App.

470, 471-72, 311 S.E.2d 67, 68 (1984) (1979 amendment only added 30-day grace period within which to pay costs assessed).

Plaintiff contends that "there is no provision upon the refiling of a once voluntary dismissed claim to go back into the previous action and revive jurisdiction in order to make a determination as to whether an item in the old action was a reasonable and necessary cost." We reject this argument because "the filing of notice of dismissal, while it may terminate adversary proceedings in the case, does not terminate the court's authority to enter orders apportioning and taxing costs" pursuant to Rule 41, and "where the parties chose to reinstitute the suit and the reinstituted suit was still pending . . . the courts . . . [are] able to order payment of costs." *Ward v. Taylor*, 68 N.C. App. 74, 79, 314 S.E.2d 814, 819, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984). Therefore, the trial court in 93 CVS 283 had authority under Section 1A-1, Rule 41(d) to tax against plaintiff costs incurred by defendants in 90 CvS 0635.

II

[2] The "costs" to be taxed under N.C. Gen. Stat. § 1A-1, Rule 41(d) against a plaintiff who dismisses an action under Section 1A-1, Rule 41(a), means the costs recoverable in civil actions as delineated in N.C. Gen. Stat. § 7A-305(d) (1989). *See City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) (costs may be taxed only on basis of statutory authority). This Court has nonetheless held that "costs" also includes "deposition expenses," unless the depositions were unnecessary, even though an award of deposition expenses is not expressly allowed by statute. *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982); *Alsup v. Pitman*, 98 N.C. App. 389, 390, 390 S.E.2d 750, 751 (1990). In this case, because plaintiff did not assign error to the trial court's finding of fact that "the costs enumerated and set forth on Exhibit A . . . are reasonable and necessary," those costs are deemed to be necessary. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982) (if party fails to except to findings of fact, findings are presumed to be supported by competent evidence and are binding on appeal). We therefore need only determine whether the costs awarded in this case are either "deposition expenses" or specifically authorized by statute. The expenses for subpoena service fees are statutorily permitted, see N.C.G.S. § 7A-305(d)(6), and the expenses for taking depositions, traveling for Dr. Lingeman's deposition, videotaping depositions, obtaining copies of depositions from a reporting

service, and court reporting services for taking depositions are included within the scope of "deposition expenses." Therefore, the trial court did not err in taxing plaintiff with those expenses. Because, however, the record does not show that the $615.00 in expenses "for copies of x-ray films" and $164.25 "for copies made of records" relates to depositions and because these costs are not enumerated in Section 7A-305(d), the trial court erred in taxing such costs against plaintiff. For these reasons, we modify the amount of costs taxed against plaintiff to exclude the $615.00 expended for copies of x-ray films and the $164.25 expended for copies of records. Otherwise, the order of the trial court is affirmed.

Modified in part and affirmed.

Chief Judge ARNOLD concurs.

Judge McCRODDEN concurs with separate opinion.

Judge McCRODDEN concurring.

Realizing that our Court is bound by the decisions of other panels, *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989), I am constrained to concur in the result. I am concerned, however, that the definition of "costs," which this Court has interpreted to include deposition expenses, *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982), and which we use today, could make refiling cases prohibitive for plaintiffs who have taken voluntary dismissals. I cannot believe that the General Assembly, in enacting N.C. Gen. Stat. § 1A-1, Rule 41(d) (1990), intended to place such a barrier to litigation. Indeed, the language of the statute (plaintiff "shall be taxed with the costs") connotes an automatic *ex mero motu* action by the trial court in assessing costs normally associated with civil litigation, *i.e.*, as defined by N.C. Gen. Stat. § 7A-305(d) (1989). By my reading, that statute does not include deposition costs or other costs of discovery.