AILEENE S. MINTON, JOAN S. LOWE, MARTHA S. OXFORD, AND KATHLEEN S. MILLER, A NORTH CAROLINA PARTNERSHIP, PLAINTIFF v. LOWE'S FOOD STORES, INC., DEFENDANT

No. COA95-373

(Filed 5 March 1996)

**1. Judgments § 42 (NCI4th)— motion to tax costs—hearing out of term and district—no error**

The trial court did not err in hearing defendant's motion in the cause to tax the costs outside of the county and district and without the consent of both parties, since the original hearing on the merits of the underlying substantive matter, resulting in a decision dismissing plaintiff's action and taxing defendant's costs to plaintiff, was heard during a regularly scheduled term in the county, and the trial judge in this instance merely performed a perfunctory task in assessing the costs. N.C.G.S. § 1A-1, Rule 6(c).

**Am Jur 2d, Judgments §§ 24, 25.**

**2. Costs § 49 (NCI4th)— bond premiums as part of costs—authority of trial court**

Where plaintiff did not agree to waive the posting of bond by the solvent defendant in a summary ejectment action, and the trial court dismissed plaintiff's action, the trial court had author-

ity to order plaintff to pay defendant's bond premiums as part of the costs pursuant to the provisions of N.C.G.S. § 6-20 giving the trial court discretion to allow costs as justice requires. N.C.G.S. §§ 6-19, 7A-305.

**Am Jur 2d, Costs § 76.**

**Taxable costs and disbursements as including expenses for bonds incident to steps taken in action. 90 ALR2d 448.**

**3. Costs § 47 (NCI4th)— deposition expenses as part of costs**

The trial court did not err by awarding deposition expenses as part of the costs awarded to defendant in an ejectment action where the trial court's finding that the deposition expenses were reasonable and necessary was supported by competent evidence.

**Am Jur 2d, Costs §§ 52, 53.**

Appeal by plaintiff from Order entered 15 November 1994 by Judge C. Walter Allen in Caldwell County Superior Court. Heard in the Court of Appeals 11 January 1996.

*Robbins & Hamby, P.A., by Donald T. Robbins and Dale L. Hamby, for plaintiff-appellant.*

*Gaither, Gorham & Crone, by James M. Gaither, Jr. and Veronica M. Guarino, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff Aileene S. Minton, Joan S. Lowe, Martha S. Oxford, and Kathleen S. Miller, a North Carolina Partnership, instituted this action against defendant Lowe's Food Stores, Inc. for summary ejectment and damages for failure to pay rent, in Caldwell County Superior Court on 4 March 1992. A hearing on plaintiff's Motion for Summary Judgment was heard by Judge Claude S. Sitton, Chief Resident Superior Court Judge, at the 24 August 1992 civil session of Caldwell County Superior Court. Plaintiff's motion was denied, and this matter came on for hearing, without a jury, before Judge C. Walter Allen at the 22 March 1993 civil session of Caldwell County Superior Court. Thereafter, Judge Allen entered an Order on 21 June 1993, dismissing plaintiff's summary ejectment action and taxing costs against plaintiff partnership. From this Order and the Order denying plaintiff's Motion for Summary Judgment, plaintiff appealed.

## MINTON v. LOWE'S FOOD STORES

[121 N.C. App. 675 (1996)]

Plaintiff's appeal was heard by this Court in case number 9323SC1094. In an unpublished opinion filed 21 June 1994, the Court affirmed the trial court's Orders. Plaintiff filed a Petition for Discretionary Review with the North Carolina Supreme Court, which was denied on 8 September 1994. *See Minton v. Lowe's Food Stores*, 337 N.C. 694, 448 S.E.2d 529 (1994).

On 30 September 1994, after receiving the decision of the Supreme Court denying plaintiff's Petition for Discretionary Review, defendant filed a Motion to Bill the Costs before the Clerk of Caldwell County Superior Court, as provided by Judge C. Walter Allen's 21 June 1993 Order. Defendant's motion was scheduled for hearing, and subsequently was heard in the Clerk's chambers on 25 October 1994. The Clerk granted the costs that were within her statutory authority to grant. However, because the Clerk was unable to tax all of defendant's costs, defendant filed a Motion in the Cause to tax the remaining costs before Judge Allen—the trial judge who originally heard the underlying action and awarded defendant costs. The hearing on defendant's motion was scheduled to be heard on 7 November 1994. Defendants did not consult with plaintiff's counsel concerning the scheduling of this motion for hearing.

Plaintiff filed a Notice of Objection to Hearing pursuant to North Carolina General Statutes sections 7A-47, 7A-47.1 and 7A-47.3 on 27 October 1994. On 7 November 1994, however, over plaintiff's objections, this matter was heard before Judge Allen during the criminal session of McDowell County Superior Court. Judge Allen noted plaintiff's objections to the hearing and, taking the matter under advisement, allowed both parties to submit supplemental memoranda of law before deciding the matter. Subsequently, on 15 November 1994, Judge Allen entered an Order, allowing the costs set forth by defendants. Again, plaintiff appeals.

[1] On appeal, plaintiff partnership first argues that the trial court erred in hearing defendant's Motion in the Cause to Tax the Costs since the hearing was held outside of the county and district, and without the consent of both parties. We cannot agree.

Rule 6(c) of the North Carolina Rules of Civil Procedure provides,

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a session of court. The continued existence or expiration of a session of court in no way affects the

power of a court to do any act or take any proceeding, but no issue of fact shall be submitted to a jury out of session.

N.C. Gen. Stat. § 1A-1, Rule 6(c) (1990). In *Capital Outdoor Advertising v. City of Raleigh,* our Supreme Court handed down a decision that would change a long-standing rule in North Carolina which provided that "an order of the superior court must be entered 'during the term, during the session, in the county and in the judicial district where the hearing was held.' " 337 N.C. 150, 154, 446 S.E.2d 289, 292, *reh'g denied,* 337 N.C. 807, 449 S.E.2d 566 (1994) (*citing State v. Boone,* 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984)). In construing North Carolina General Statutes section 1A-1, Rule 6(c), the Court, in *Capital,* adopted the concept espoused by W. Brian Howell in his treatise, *Howell's Shuford North Carolina Civil Practice and Procedure,* that " 'Rule 6(c) permits a judge to sign an order out of term [which we interpret to mean both out of the session and out of the trial judge's assigned term] and out of district without the consent of the parties so long as the hearing to which the order relates was held in term and in district.' " *Id.* at 159, 446 S.E.2d at 294-95 (*quoting* W. Brian Howell, *Howell's Shuford North Carolina Civil Practice and Procedure* § 6-7, at 68 (4th ed. 1992)); *see also Daniels v. Montgomery Mut. Ins. Co.,* 320 N.C. 669, 360 S.E.2d 772 (1987) (finding that, under Rule 6(c), the order taxing defendant's costs to plaintiff was valid even though it was signed and entered out of session, as the decision to tax these costs was made and announced at the hearing on the matter of costs). Later, this Court extended the application of the *Capital* and *Daniels* decisions to out of session, out of term, and out of district orders issued by district court judges in *Ward v. Ward,* 116 N.C. App. 643, 448 S.E.2d 862 (1994).

The facts in the instant case tend to show that Judge Allen heard the underlying case during a regularly scheduled non-jury term of Caldwell County Superior Court during the week of 22 May 1993. After hearing the evidence and arguments of counsel, Judge Allen signed an Order, out of term with the consent of the parties on 21 June 1993. Therein, Judge Allen specifically provided that "the costs be taxed against the [p]laintiff." On appeal to this Court, we decided that the Order was validly entered. Thereafter, the North Carolina Supreme Court denied plaintiff's Petition for Discretionary Review.

After plaintiff's Petition for Discretionary Review was denied by the Supreme Court, defendant began the process of having its costs assessed. Because the Caldwell County Clerk of Court did not have

authority to tax some of defendant's costs, defendant filed a Motion in the Cause to tax the remaining costs before Judge Allen. Arguments on defendant's motion were heard by Judge Allen during the criminal session of McDowell County Superior Court on 7 November 1994. Judge Allen subsequently entered an Order on 15 November 1994, assessing the remaining costs against plaintiff.

Although, as plaintiff contends, a hearing on this motion was conducted out of term and out of district, the original hearing on the merits of the underlying, substantive matter, resulting in a decision dismissing the ejectment action and taxing defendant's costs to plaintiff, was heard during a regularly scheduled term in Caldwell County. Pursuant to Rule 6(c) of the North Carolina Rules of Civil Procedure, a judge may sign an order out of term and out of district without the consent of the parties so long as the hearing to which the order relates was held in term and in district. *Capital,* 337 N.C. 150, 446 S.E.2d 289; *Daniels,* 320 N.C. 669, 360 S.E.2d 772. It matters little that defendant's Motion in the Cause was heard out of term, out of district when the Order from the underlying, substantive action specifically provided that all costs would be taxed against plaintiff. The substantive issue of taxing costs had been previously decided in term and in district, and, therefore, Judge Allen, in this instance, merely performed a perfunctory task in assessing those costs, as provided by his 21 June 1993 Order, in his later 15 November 1994 Order. As the 15 November Order taxing certain costs to plaintiff relates to the original hearing held during the 24 August 1992 civil session of Caldwell County Superior Court, the 15 November Order was properly entered. Plaintiff's argument to the contrary is unpersuasive.

[2] Plaintiff partnership also argues that the trial court lacked authority to order plaintiff to pay defendant's bond premiums pursuant to a Motion to Tax the Costs, under North Carolina General Statutes section 1-111. Again, we cannot agree.

As noted by plaintiff, in North Carolina, costs are taxed on the basis of statutory authority. North Carolina General Statutes section 7A-305 sets forth certain costs which may be assessed in a civil action. *See* N.C. Gen. Stat. § 7A-305 (1995). Moreover, section 6-19 of the General Statutes addresses the actions (as enumerated in section 6-18) in which costs are allowed as a matter of course to a prevailing defendant. *See* N.C. Gen. Stat. § 6-19 (1986). Included therein are actions for the recovery of real property. Costs which are not allowed as a matter of course under section 6-19, may be allowed in the dis-

cretion of the court under section 6-20 of the General Statutes. Section 6-20 provides that "costs may be allowed or not, in the discretion of the court, unless provided by law." N.C. Gen. Stat. § 6-20 (1986). On appeal, such discretion is not reviewable. *Chriscoe v. Chriscoe*, 268 N.C. 554, 151 S.E.2d 33 (1966). Plaintiff argues that the discretion vested in the trial court in section 6-20 has been expressly limited by case law to the authority to tax "reasonable and necessary" deposition costs, but we find this argument to be without merit. While case law *has* found that deposition costs are allowable under section 6-20, it has in no way precluded the trial court from taxing other costs that may be "reasonable and necessary." *See Alsup v. Pitman*, 98 N.C. App. 389, 390 S.E.2d 750 (1990).

In the case *sub judice*, the facts indicate that after defendant filed its Answer to plaintiff's ejectment Complaint, defendant received an Objection and Motion to Strike Answer and Enter Default or Compel Bond from plaintiff. Defendant corporation then filed a Response to plaintiff's objection and motion, wherein it asserted that the corporation had a meritorious defense, but asked that, if plaintiff did not agree to waive posting of a bond, the court grant defendant corporation leave to post a reasonable bond. Plaintiff did not agree to waive the bond and, therefore, Judge Zoro Guice, Jr. ordered that a $72,000.00 bond be posted by defendant. Defendant was not insolvent, and hence, could not proceed under North Carolina General Statutes section 1-112 without posting bond. *See* N.C. Gen. Stat. § 1-112 (1983). Defendant, thus, had no choice but to post bond to proceed with this action. Subsequently, Judge Allen, in his discretion, ordered plaintiff to pay defendant's bond premium, paid pursuant to North Carolina General Statutes section 1-111, in plaintiff's ejectment action.

As this case was an action for ejectment, section 6-19 of the General Statutes is applicable and, therefore, the list of costs recoverable by a prevailing party in a civil action, as provided in North Carolina General Statutes § 7A-305 (1995), is controlling. Notably, bond premiums paid pursuant to section 1-111 are not listed. It would seem, at first glance, therefore, that such premiums are not recoverable by defendant in the instant case. However, this is not the end of our inquiry. We must look to the provisos of section 6-20, which vests the trial judge with discretionary authority to allow costs as justice may require. *See Parton v. Boyd*, 104 N.C. 422, 10 S.E. 490 (1889); *Gulley v. Macy*, 89 N.C. 343 (1883). As section 6-20 provided Judge Allen with statutory authority for his decision to tax defendant's bond

premiums against plaintiff, we find plaintiff's arguments to this end to be without merit.

[3] Plaintiff also argues that the trial court erred in awarding deposition costs to defendant without a showing that the deposition costs were reasonable and/or necessary. We find this argument to be unpersuasive.

Irrefutably, North Carolina Courts recognize the trial court's authority to tax deposition costs so long as they appear necessary. See Alsup, 98 N.C. App. 389, 390 S.E.2d 750; Sealey v. Grine, 115 N.C. App. 343, 444 S.E.2d 632 (1994); Dixon, Odom & Co. v. Sledge, 59 N.C. App. 280, 296 S.E.2d 512 (1982). Further, in a non-jury trial, findings of fact (e.g., that deposition costs are reasonable and necessary) will not be disturbed on appeal, if there is evidence to support them. In Re Estate of Pate, 119 N.C. App. 400, 459 S.E.2d 1, disc. review denied, 341 N.C. 649, 462 S.E.2d 515 (1995).

In the instant case, Judge Allen specifically found that the "costs enumerated and set forth on Exhibit A [(which included deposition costs) were] reasonable and necessary costs." And while plaintiff partnership argues that defendant offered no evidence at the 7 November 1994 hearing on its Motion in the Cause to Tax Costs to show that the deposition costs were reasonable and/or necessary, on these particular facts, we do not find such a showing by defendant to be required. As the deposition costs do not appear to be unnecessary, they are allowable.

The facts tend to show that Judge Allen was the trial judge in the underlying, substantive action. Having already heard the merits of the case and guided this matter to a final judgment, Judge Allen was in an excellent position to assess the reasonableness and necessity of the depositions taken by defendant's counsel in preparation for trial. Moreover, plaintiff's counsel was permitted to present his argument against allowing the costs of the depositions at the 7 November hearing on defendant's Motion in the Cause. That Judge Allen, in his discretion, found the deposition costs to be reasonable and necessary was supported by competent evidence; and was, therefore, not error.

Finally, plaintiff partnership argues that the trial court erred in entering an Order taxing costs against plaintiff, when it objected on the record during the term of court to an Order being entered out of term, out of district and out of session. As set forth in the analysis of plaintiff's first argument, we do not agree.

Accordingly, the trial court's decision is affirmed.

Affirmed.

Judges JOHN and SMITH concur.