537 S.E.2d 505 (2000)
Jackie E. LEWIS, Plaintiff,
v.
Dr. Janaki Ram SETTY, Defendant.
No. COA99-1215.
Court of Appeals of North Carolina.
November 7, 2000.
Lennard D. Tucker, Winston-Salem, for plaintiff-appellant.
Wilson & Iseman, L.L.P., by Elizabeth Horton and Kevin B. Cartledge, Winston-Salem, for defendant-appellee.
HUNTER, Judge.
Jackie E. Lewis ("plaintiff") appeals from an order taxing costs against him in the amount of $7,176.80. Plaintiff assigns as error the trial court's granting of Dr. Janaki Ram Setty's ("defendant's") motion to tax costs with regards to expert witness fees and trial exhibit preparation fees. Plaintiff claims that these costs allowed by the trial court (1) were not enumerated in N.C. Gen. Stat. § 7A-305(d), and (2) were not reasonable and necessary. We disagree, and therefore affirm the trial court.
Plaintiff, a quadriplegic, filed this action on 18 June 1997, alleging that defendant negligently broke his hip while transferring him from an EKG examination table to his wheelchair. Defendant filed a motion to dismiss on 3 July 1997. Forsyth County Superior Court Judge W. Osmond Smith, III, granted defendant's motion by order filed on 7 August 1997, finding plaintiff's failure to obtain a Rule 9(j) certification (that the medical care had been reviewed by a person reasonably *506 expected to qualify as an expert witness) fatal. Plaintiff appealed. On appeal, this Court reversed the trial court and held that plaintiff's complaint alleged ordinary negligence, not medical malpractice, and thus did not require a Rule 9(j) certification. See Lewis v. Setty, 130 N.C.App. 606, 503 S.E.2d 673 (1998). The case was then remanded to the trial court for further proceedings.
On remand, the case was set peremptorily as the first case for trial for the week beginning Monday, 10 May 1999. On Friday, 7 May 1999, plaintiff filed and served via regular United States mail a notice of voluntary dismissal without prejudice pursuant to N.C. Gen.Stat. § 1A-1, Rule 41(a). The notice was not received by defendant until the morning of 10 May 1999, just prior to commencement of the trial. On 24 May 1999, defendant filed a motion to tax costs to plaintiff in the amount of $9,423.60 pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure. The motion was heard by the Honorable W. Douglas Albright during the 21 June 1999 session of Forsyth County Superior Court. Judge Albright granted defendant's motion but reduced the amount requested, taxing plaintiff costs in the amount of $7,176.80. Judge Albright granted the motion to tax costs with regard to (1) costs of the prior appeal, (2) deposition fees for three depositions, (3) expert witness fees, and (4) costs of trial exhibits. However, Judge Albright denied the motion to tax costs with regard to (1) mediation fees, (2) an extra copy of a deposition transcript, and (3) fees charged by two of defendant's expert witnesses for appointments canceled in anticipation of their trial testimony. Plaintiff appeals from this order and challenges the trial court's awarding of the expert witness fees and costs of trial exhibits.
Plaintiff's two assignments of error are best combined into one for this appeal. Plaintiff assigns error to the trial court's granting of defendant's motion to tax costs against him, claiming that the costs of the expert witness fees and trial exhibits were not enumerated in N.C. Gen.Stat. § 7A-305(d) and were not reasonable and necessary. We disagree.
"In North Carolina costs are taxed on the basis of statutory authority." Estate of Smith v. Underwood, 127 N.C.App. 1, 12, 487 S.E.2d 807, 815, review denied, 347 N.C. 398, 494 S.E.2d 410 (1997). Here, plaintiff voluntarily dismissed his claim without prejudice pursuant to N.C. Gen.Stat. § 1A-1, Rule 41(a), which governs voluntary dismissals by plaintiffs. Costs are discussed under subsection (d) of Rule 41, whereby it states "[a] plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis." The purpose of this rule "`aside from securing the payment of costs, is to prevent vexatious suits made possible by the ease with which a plaintiff may dismiss [his case].'" Alsup v. Pitman, 98 N.C.App. 389, 390, 390 S.E.2d 750, 751 (1990) (quoting 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.16 (2d ed.1995)).
Costs which are to be taxed under Rule 41(d) include those costs enumerated in N.C. Gen.Stat. § 7A-305(d). Sealey v. Grine, 115 N.C.App. 343, 347, 444 S.E.2d 632, 635 (1994). N.C. Gen.Stat. § 7A-305(d) enumerates certain items that are allowable as costs in a civil action. Section 305(d) does not, however, preclude liability for other costs as provided by law. N.C. Gen.Stat. § 7A-305(e).
"In addition, costs which are not allowed as a matter of course under G.S. § 6-18 or § 6-19 ... may be allowed in the discretion of the court under G.S. § 6-20...." Estate of Smith, 127 N.C.App. 1, 12, 487 S.E.2d 807, 815. Thus, costs which are to be taxed under Rule 41(d) may also include those costs allowable under N.C. Gen.Stat. § 6-20. See Alsup, 98 N.C.App. 389, 390, 390 S.E.2d 750, 751. "N.C. Gen.Stat. § 6-20 provides that in those civil actions not enumerated in § 6-18, `costs may be allowed or not, in the discretion of the court, unless otherwise provided by law.'" Id. (emphasis in original) (quoting N.C. Gen.Stat. § 6-20). The negligence action voluntarily dismissed by plaintiff sub judice is not one of the actions enumerated in §§ 6-18 or 6-19, thus it falls within the scope of N.C. Gen.Stat. § 6-20.
*507 The trial court's discretion to tax costs pursuant to N.C. Gen.Stat. § 6-20 is not reviewable on appeal absent an abuse of discretion. Estate of Smith, 127 N.C.App. 1, 12, 487 S.E.2d 807, 815; Minton v. Lowe's Food Stores, 121 N.C.App. 675, 680, 468 S.E.2d 513, 516, review denied, 344 N.C. 438, 476 S.E.2d 119 (1996). "While case law has found that deposition costs are allowable under section 6-20, it has in no way precluded the trial court from taxing other costs that may be `reasonable and necessary.'" Minton, 121 N.C.App. 675, 680, 468 S.E.2d 513, 516 (emphasis in original).
Plaintiff claims that the following costs were improperly taxed against him: $600.00 for review of medical records by Tri Co-Ortho & Sports Med P.A., $1,600.00 for records reviewed by Club Haven Family Practice, P.A., and $1,000.00 for review of records by Lexington Orthopedic Clinic. We disagree with plaintiff's assertion that these costs were improperly taxed. Each of the above costs relates to defendant's expert witnesses. N.C. Gen.Stat. § 7A-305(d)(1) allows for the recovery of "[w]itness fees, as provided by law." Assuming arguendo, that the statute does not embody the witness fees at issue here, the trial court still reviewed the itemized invoices from each of defendant's three expert witnesses and exercised its discretion under N.C. Gen.Stat. § 6-20 finding their rates and time expended to be reasonable and necessary. In the past, this Court has upheld awards of costs of expert witnesses for time spent outside of trial. Campbell v. Pitt County Memorial Hosp., 84 N.C.App. 314, 328, 352 S.E.2d 902, 910, aff'd, 321 N.C. 260, 362 S.E.2d 273 (1987), overruled on other grounds, Johnson v. Ruark Obstetrics, 327 N.C. 283, 395 S.E.2d 85, rehearing denied, 327 N.C. 644, 399 S.E.2d 133 (1990). We have also previously held that a trial court did not exceed its discretionary authority in assessing expert witness fees for the testimony of three physicians, even though they all were used to prove identical facts in issue. Brown, v. Flowe, 128 N.C.App. 668, 496 S.E.2d 830, rev'd on other grounds, 349 N.C. 520, 507 S.E.2d 894 (1998). Therefore, the trial court here did not abuse its discretion in taxing the expert witness fees to plaintiff pursuant to N.C. Gen.Stat. § 6-20.
Plaintiff also claims that $2,796.70 for trial exhibit preparation by Art for Medicine was improperly taxed. Plaintiff rightly argues that trial exhibit costs are not enumerated in N.C. Gen.Stat. § 7A-305(d), however plaintiff wrongfully assumes that the trial court does not have the discretion under N.C. Gen.Stat. § 6-20 to award those costs where it finds them to be reasonable and necessary. It is true that in Sealey v. Grine, this Court stated that the costs to be taxed under Rule 41(d) "means the costs recoverable in civil actions as delineated in N.C. Gen.Stat. § 7A-305(d) (1989)." Sealey v. Grine, 115 N.C.App. 343, 347, 444 S.E.2d 632, 635. We did not, however, have to analyze Sealey under § 6-20 as that plaintiff "did not assign error to the trial court's finding of fact that `the costs enumerated and set forth ... are reasonable and necessary'...." Id. In Sealey, plaintiff's failure to assign error to the trial court's finding the costs to be necessary and reasonable, obviated our need to analyze the trial court's rationale under N.C. Gen.Stat. § 6-20. Based on the plaintiff's argument, this Court was left to "only determine whether the costs awarded in [the] case [were] either `deposition expenses' or specifically authorized by statute." Id. While we did hold that costs include deposition costs, we also modified the amount of costs taxed against plaintiff, striking certain expenses for copies of x-ray films and records. Id. at 348, 444 S.E.2d at 635. Our decision was based on the fact that these expenses did not relate to the depositions and were not enumerated in N.C. Gen.Stat. § 7A-305(d). Id.
Finally, the plaintiffs in Estate of Smith v. Underwood, a professional negligence and breach of fiduciary duty case, assigned error to the partial denial of their motion for costs. 127 N.C.App. 1, 12, 487 S.E.2d 807, 814. Upon plaintiff's petition for costs, including expert witness fees, discovery, subpoena charges, transcript costs, postage charges, and costs of reproducing documents for use as trial exhibits for a total of $36,176.78, the trial court awarded costs in the amount of $14,234.38. Id. Plaintiffs contended that the trial court abused its discretion in not allowing the full amount of their costs. Id. We held, "[s]ince the enumerated costs sought by plaintiffs are not expressly provided for by *508 law, it was within the discretion of the trial court whether to award them." Id. at 13, 487 S.E.2d at 815. We found no abuse of discretion. Id.
As evoked supra, an order taxing costs as reasonable and necessary pursuant to N.C. Gen.Stat. § 6-20 is reviewable only for abuse of discretion. See Estate of Smith, 127 N.C.App. 1, 12, 487 S.E.2d 807, 815; see also Minton, 121 N.C.App. 675, 680, 468 S.E.2d 513, 516. At bar, the trial court found the costs of the trial exhibits to be reasonable and necessary. The trial court took into account factors such as: this case being set for trial on Monday, 10 May 1999; plaintiff filing his notice of voluntary dismissal without prejudice on Friday, 7 May 1999, only 3 days prior to trial; plaintiffs serving the notice via regular United States mail; and defendant not receiving the notice until just prior to trial on 10 May 1999, leaving defendant no choice but to be prepared for trial. Under these circumstances, preparation for trial would necessarily include having the trial exhibits prepared and ready. Therefore, the trial court rightly exercised its discretion and allowed the costs for the trial exhibits finding them reasonable and necessary pursuant to N.C. Gen.Stat. § 6-20.
Thus we hold the trial court did not abuse its discretion in awarding costs against plaintiff for expert witness fees and trial exhibits pursuant to N.C. Gen.Stat. § 6-20. We therefore affirm the ruling of the trial court.
Affirmed.
Judges LEWIS and WALKER concur.