ANTHONY COSENTINO, Plaintiff v. KATHERINE P. WEEKS, M.D., and CAROLINA HEALTHCARE GROUP, P.C., Defendants

No. COA02-1327

(Filed 7 October 2003)

**Costs— expert witness fees—deposition transcripts—court reporter fees—deposition-related attorney travel expenses**

The trial court did not abuse its discretion in a medical negligence and negligent supervision case by denying defendants' motion for costs with respect to their expert witness fees, depo-

---

sition transcripts and court reporter fees, and deposition-related attorney travel expenses following a voluntary dismissal without prejudice by plaintiff, because: (1) these items are not specifically set forth as costs in the General Statutes; (2) there is no authority for the proposition that a trial court must award non-statutory common-law costs to a defendant under N.C.G.S. § 1A-1, Rule 41(d); and (3) the language of N.C.G.S. §6-20 does not compel a trial court to award any costs.

Appeal by defendants from order and judgment entered 30 May 2002 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 August 2003.

*Erwin and Eleazer, P.A., by L. Holmes Eleazer, Jr., Fenton T. Erwin, Jr. and Peter F. Morgan, for plaintiff-appellee.*

*Shumaker Loop & Kendrick, LLP, by Scott M. Stevenson and Elizabeth A. Martineau, for defendants-appellants.*

LEVINSON, Judge.

Defendants herein appeal from an order denying in part their motion for costs made following a voluntary dismissal taken by plaintiff without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. This case is best read in tandem with *Department of Transportation v. Charlotte Area Manufactured Housing, Inc.,* 160 N.C. App. 461, 586 S.E.2d 780 (COA02-1305, filed 7 October 2003), also decided this day, as both cases address related legal issues.

On 21 June 2000 Anthony Cosentino (plaintiff) filed a suit against Katherine P. Weeks, M.D. and Carolina Health Care Group, P.C., alleging medical negligence and negligent supervision. Plaintiff also named two other defendants not parties to the present appeal. On 5 November 2001, the morning of the trial, plaintiff took a voluntary dismissal without prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a) (2001) (hereinafter "Rule 41(a)"). On 21 November 2001 plaintiff filed the current action against defendants Weeks and Carolina Health Care Group, P.C. (defendants), alleging the same claims.

On 4 February 2002 defendants filed a motion for costs pursuant to N.C.G.S. § 1A-1, Rule 41(d) (2001) (hereinafter "Rule 41(d)"). Defendants asked the trial court to tax the plaintiff with the following costs: (1) defendant's expert witness fees; (2) deposition transcripts and court reporter fees; (3) attorney travel costs associated

with attending depositions; and (4) mediation costs. The trial judge granted the motion with respect to the mediation costs and denied the motion with respect to all other expenses.

From this order and judgment, defendants appeal, contending that Rule 41(d) "costs" means both those expenses which may be awarded pursuant to this Court's reading of N.C.G.S. §6-20 (2001) (hereinafter "common law costs"), and also the costs set out in N.C.G.S. § 7A-305(d) (2001) (hereinafter "N.C.G.S. § 7A-305(d) costs"). On this basis, defendants assert that the trial court erred by denying their motion to tax plaintiff with defendant's expert witness fees, court reporter and deposition fees, and deposition-related attorney travel expenses, even though these items are not specifically set forth as costs in the General Statutes.

" '[W]here an appeal presents [a] question[] of statutory interpretation, full review is appropriate, and [we review a trial court's] conclusions of law *de novo*.' " *Coffman v. Roberson*, 153 N.C. App. 618, 623, 571 S.E.2d 255, 258 (2002) (quoting *Edwards v. Wall*, 142 N.C. App. 111, 115, 542 S.E.2d 258, 262 (2001)), *disc. review denied*, 356 N.C. 668, 557 S.E.2d 111 (2003). Where a trial court erroneously concludes that it lacks discretion to award costs, the matter should be remanded to permit the trial court to exercise its discretion. *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982).

Resolution of the issues presented in this case requires discussion of several statutes. N.C.G.S § 1A-1, Rule 41 (2001) governs voluntary dismissals without prejudice:

(a) Voluntary dismissal; effect thereof.—

(1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any

COSENTINO v. WEEKS

[160 N.C. App. 511 (2003)]

claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

. . . .

(d) Costs.—A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

Article 28 of the General Statues is titled "Uniform Costs and Fees in the Trial Divisions." Located in Article 28, N.C.G.S. § 7A-305 (d) and (e) (2001) address costs in civil actions:

(d) The following expenses, when incurred, are also assessable or recoverable, as the case may be:

(1) Witness fees, as provided by law.

(2) Jail fees, as provided by law.

(3) Counsel fees, as provided by law.

(4) Expense of service of process by certified mail and by publication.

(5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.

(6) Fees for personal service and civil process and other sheriff's fees, as provided by law. Fees for personal service by a private process server may be recoverable in an amount equal to the actual cost of such service or fifty dollars ($50.00), whichever is less, unless the court finds that due to difficulty of service a greater amount is appropriate.

COSENTINO v. WEEKS

[160 N.C. App. 511 (2003)]

(7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. The fee of such appointees shall include reasonable reimbursement for stenographic assistance, when necessary.

(8) Fees of interpreters, when authorized and approved by the court.

(9) Premiums for surety bonds for prosecution, as authorized by G.S. 1-109.

(e) Nothing in this section shall affect the liability of the respective parties for costs as provided by law.

N.C.G.S. § 7A-320 (2001) provides that "[t]he costs set forth in this Article [28] are complete and exclusive and in lieu of any other costs and fees."

Chapter 6 is titled "Liability for Court Costs." N.C.G.S. § 6-1 (2001) refers to the definition of costs provided in N.C.G.S. § 7A-305(d): "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." N.C.G.S. § 6-20 states that "[i]n other actions [not set forth in §§ 6-18 and 6-19], costs may be allowed or not, in the discretion of the court, unless otherwise provided by law."

Though such items are not explicitly listed as costs in the General Statutes,[1] this Court has upheld awards of, e.g., deposition costs,

---

1. To resolve the issues presented in this case, we must analyze this Court's opinions recognizing the authority of a trial court to award common law costs pursuant to N.C.G.S. § 6-20. The North Carolina Supreme Court has indicated that a court may only tax costs pursuant to enabling legislation, *City of Charlotte v. McNeely*, 281 N.C. 684, 690, 190 S.E.2d 179, 184 (1972). The cases from this Court irreconcilably conflict as to whether legislation permits the taxing of items not specifically enumerated in the North Carolina General Statutes. *See Charlotte Area Manufactured Housing*, 160 N.C. App. at 467-69, 586 S.E.2d at 784-85 (providing a more complete discussion of the conflict in our jurisprudence concerning costs). To summarize, some cases hold that the term "costs" means only those items explicitly recited in the General Statutes; others hold that the term "costs" includes expenses the trial court deems reasonable and necessary. *Compare Coffman*, 153 N.C. App. at 628-29, 571 S.E.2d at 261-62 (reading N.C.G.S. § 6-20 as statutory authority for a trial court to tax practically any expense found to be "reasonable and necessary"), *with Crist v. Crist*, 145 N.C. App. 418, 423-24, 550 S.E.2d 260, 264-65 (2001) (holding that the discretion of a trial judge to award costs is strictly limited to the items enumerated in N.C.G.S. § 7A-305(d) and to those items already recognized by this Court's common law). Our analysis in the case *sub judice* should not be interpreted as an endorsement of, or an expansion of, common law costs.

*Alsup v. Pitman*, 98 N.C. App. 389, 391, 390 S.E.2d 750, 751-52 (1990); trial exhibits and travel expenses for hearings and trial, *Coffman*, 153 N.C. App. at 628-29, 571 S.E.2d at 261-62; bond premiums in an ejectment action, *Minton v. Lowe's Food Stores*, 121 N.C. App. 675, 680, 468 S.E.2d 513, 516 (1996); expert witness fees, *Lewis v. Setty*, 140 N.C. App. 536, 539-40, 537 S.E.2d 505, 507-08 (2000); and charges by expert witnesses for time spent outside of trial, *Campbell v. Pitt County Memorial Hosp.*, 84 N.C. App. 314, 328, 352 S.E.2d 902, 910, *aff'd*, 321 N.C. 260, 362 S.E.2d 273 (1987), *overruled on other grounds, Johnson v. Ruark Obstetrics*, 327 N.C. 283, 395 S.E.2d 85 (1990). Likewise, this Court has upheld the decision of a trial court not to award costs on an abuse of discretion standard. *Estate of Smith v. Underwood*, 127 N.C. App. 1, 13, 487 S.E.2d 807, 815 ("[s]ince the enumerated costs [for expert witnesses, discovery, subpoena charges, transcript costs, the cost of reproducing documents for use at trial as exhibits, and miscellaneous postage charges] sought by plaintiffs are not expressly provided for by law, it was within the discretion of the trial court whether to award them"), *disc. review denied*, 347 N.C. 398, 494 S.E.2d 410 (1997).

The following explanation has been offered for upholding a trial court's award of common law costs:

"[C]osts which are not allowed as a matter of course under G.S. § 6-18 or § 6-19 . . . may be allowed in the discretion of the court under G.S. § 6-20. . . ." Thus, costs which are to be taxed under Rule 41(d) may also include those costs allowable under N.C. Gen. Stat. § 6-20. "N.C. Gen. Stat. § 6-20 provides that in those civil actions not enumerated in § 6-18, 'costs may be allowed or not, in the discretion of the court, unless otherwise provided by law.'" The negligence action voluntarily dismissed by plaintiff *sub judice* is not one of the actions enumerated in §§ 6-18 or 6-19, thus it falls within the scope of N.C. Gen. Stat. § 6-20.

The trial court's discretion to tax costs pursuant to N.C. Gen. Stat. § 6-20 is not reviewable on appeal absent an abuse of discretion. "While case law has found that deposition costs. are allowable under section 6-20, it has in no way precluded the trial court from taxing other costs that may be 'reasonable and necessary.'"

*Lewis*, 140 N.C. App. at 538-39, 537 S.E.2d at 506-07 (quoting *Estate of Smith*, 127 N.C. App. at 12, 487 S.E.2d at 815, N.C.G.S. § 6-20, and *Minton*, 121 N.C. App. at 680, 468 S.E.2d at 516) (citations omitted).

COSENTINO v. WEEKS

[160 N.C. App. 511 (2003)]

Examination of this rationale indicates that the *Lewis* panel read N.C.G.S. § 6-20 as conferring two different kinds of discretion: (1) the discretion to determine whether costs should be awarded where no statute mandates an award of costs in a particular civil action, and (2) the discretion to determine whether an expense may be taxed as a cost notwithstanding the fact that such an expense is not listed in N.C.G.S § 7A-305(d). *See id.*

The first kind of discretion, the discretion to determine whether costs should be awarded in a particular civil action, is clearly granted by the plain language of the statute. *See Charlotte Area Manufactured Housing, Inc.*, 160 N.C. App. at 467-69, 586 S.E.2d at 784-85. There are numerous statutes that require a trial court to award costs in particular types of actions. For example, N.C.G.S. § 6-18(2) (2001) requires a trial court to award costs to a prevailing plaintiff in an action to recover the possession of personal property; if the plaintiff does not prevail in that action, then N.C.G.S. § 6-19 (2001) requires the trial court to award costs to the defendant. Where no statute requires an award of costs to one of the parties, N.C.G.S. § 6-20 vests the trial court with the discretion to award costs to either party. *See, e.g., Lewis*, 140 N.C. App. at 538, 537 S.E.2d at 507 ("The negligence action voluntarily dismissed by plaintiff *sub judice* is not one of the actions enumerated in §§ 6-18 or 6-19, thus it falls within the scope of N.C. Gen. Stat. § 6-20.").

The second kind of discretion, the discretion to award non-statutory common law costs, arises from certain opinions of this Court which have interpreted N.C.G.S. § 6-20 as authorizing an award of non-N.C.G.S. 7A-305 costs. *See id.* "While case law has found that deposition costs are allowable under section 6-20, it has in no way precluded the trial court from taxing other costs that may be 'reasonable and necessary.' " *Minton*, 121 N.C. App. at 680, 468 S.E.2d at 516; *see also Coffman*, 153 N.C. App. at 629, 571 S.E.2d at 262. This second kind of discretion has been the subject of considerable dispute, *see Charlotte Area Manufactured Housing*, 160 N.C. App. at 468-69, 586 S.E.2d at 784-85. It is not disputed, however, that certain opinions of this Court have held that a trial judge did not abuse its discretion by awarding *some* of the common law costs at issue in the instant case.[2] *See Coffman*, 153 N.C. App. at 628-29, 571 S.E.2d at

2. In the present case, defendants seek reimbursement for, *inter alia*, travel expenses incurred by counsel in traveling to-and-from depositions. Defendants have not pointed us to any specific authority allowing attorney travel costs to be taxed pursuant to N.C.G.S. § 6-20 or Rule 41(d). Prior cases allowing a discretionary award of deposition-related costs are ambiguous as to whether the travel expenses allowed

261-62 (deposition costs and travel expenses for hearings and trial); *Lewis*, 140 N.C. App. at 539-40, 537 S.E.2d at 507-08 (expert witness fees); *Sealy v. Grine*, 115 N.C. App. 343, 347-48, 444 S.E.2d 632, 635 (1994) (obtaining copies of depositions from a reporting service and court reporting services).

We turn next to consideration of defendants' argument that Rule 41(d) *required* the trial court to tax plaintiff with discretionary common law costs. Rule 41(d) requires an award of costs, upon motion by a defendant, where a plaintiff takes a voluntary dismissal without prejudice and subsequently re-files. Thus, where Rule 41(d) applies, the first kind of N.C.G.S. § 6-20 discretion, the discretion to award costs, is inapplicable because Rule 41(d) mandates that costs "shall be awarded." The issue presented in the instant case is whether Rule 41(d) costs include the common law costs found to exist by virtue of the second kind of N.C.G.S. § 6-20 discretion which has been judicially created by this Court. We have carefully reviewed the relevant statutes and cases, and we find no authority for the proposition that a trial court *must* award non-statutory common-law costs to a defendant pursuant to Rule 41(d).

Rule 41(d) does not mention common law costs, and defendants have not presented any evidence that the legislature intended to incorporate common law costs into Rule 41(d). Moreover, this Court has held that "[t]he 'costs' to be taxed under . . . Rule 41(d) against a plaintiff who dismisses an action under . . . Rule 41(a), means the costs recoverable in civil actions as delineated in [N.C.G.S.] § 7A-305(d). . . ." *Sealy*, 115 N.C. App. at 347, 444 S.E.2d at 635 (citing *McNeely*, 281 N.C. at 691, 190 S.E.2d at 185). Accordingly, it would appear that N.C.G.S. § 1A-1, Rule 41(d) does not require the taxing of any non-statutory common law costs.

Furthermore, we note that the language of N.C.G.S. § 6-20 does not compel a trial court to award any costs. N.C.G.S. § 6-20 says "costs may be allowed or not, in the discretion of the court[.]" Notably, this statute contains the words "may" and "discretion." "Nothing else appearing, the legislature is presumed to have used the words of a statute to convey their natural and ordinary meaning." *Wood v. Stevens & Co.*, 297 N.C. 636, 643, 256 S.E.2d 692, 697 (1979). "Ordinarily when the word 'may' is used in a statute, it will be construed as permissive and not mandatory." *In re Hardy*, 294 N.C. 90,

97, 240 S.E.2d 367, 372 (1978). Thus, to the extent that N.C.G.S. § 6-20 permits a trial court to tax common law costs, the plain language of the statute does not *require* that any costs be awarded.

This interpretation is reinforced by this Court's jurisprudence purporting to interpret N.C.G.S. § 6-20. Generally, our cases have found common law costs to be permissive rather than mandatory. *See Coffman*, 153 N.C. App. at 629, 571 S.E.2d at 262 ("Defendants have failed to show that the trial court abused its *discretion* in allowing these costs to be taxed to defendants.") (emphasis added); *Alsup*, 98 N.C. App. at 392, 390 S.E.2d at 752 ("The trial court . . . had full authority to tax, *in its discretion*, deposition expenses as costs pursuant to [N.C.G.S.] §§ 1A-1, Rule 41(d), and 6-20. We find no abuse of the court's *discretion*.") (emphasis added). The same rule has obtained where Rule 41(d) is applicable. *See, e.g., Lewis*, 140 N.C. App. 536, 537 S.E.2d 505. In *Lewis*, a plaintiff against whom costs were taxed pursuant to Rule 41(d) contended that the trial court improperly taxed expert witness fees and trial exhibits. Significantly, this Court did not hold that the trial court had to award costs pursuant to Rule 41(d); rather, this Court held that "the trial court . . . did not abuse its *discretion* in taxing the expert witness fees to plaintiff pursuant to [N.C.G.S.] § 6-20," and "the trial court rightly exercised its *discretion* and allowed the costs for the trial exhibits . . . pursuant to [N.C.G.S.] § 6-20." *Id.* at 539-540, 537 S.E.2d at 507-08 (emphasis added). Thus, N.C.G.S. § 6-20, as interpreted, does not make an award of costs compulsory—not even in the Rule 41(d) context.

In the present case, the trial court denied defendants' motion for costs with respect to their expert witness fees, deposition transcripts and court reporter fees, and deposition-related attorney travel expenses. We need not decide whether the trial court had authority to award these non-statutory common law expenses because, even assuming *arguendo* that all the expenses denied by the trial court are recoverable as common law costs, the trial court denied, "in its discretion," defendants' motion to assess them. The defendants have not alleged that the trial court abused its discretion.

Affirmed.

Judges MARTIN and McCULLOUGH concur.