DEPARTMENT OF TRANSPORTATION v. WINSTON CONTAINER COMPANY (FORMERLY JACKSON-WINSTON CONTAINER COMPANY); JAMES F. JUSTICE, TRUSTEE; AND JOHN N. JACKSON

No. 7926SC727

(Filed 18 March 1980)

1. **Costs § 1.2; Eminent Domain § 14— highway condemnation —costs —litigation expenses of landowner**

     Litigation expenses and costs incurred by a landowner in a condemnation proceeding do not constitute part of the "just compensation" required to be paid by the Fifth Amendment and may be taxed as part of the costs only if authorized by statute.

2. **Costs § 1.2; Eminent Domain § 14— highway condemnation—costs—landowner's attorney, appraisal and engineering fees—no final judgment that property cannot be acquired by condemnation**

   A judgment entered by the trial court dismissing a condemnation action brought by the Department of Transportation because the court was of the opinion that it lacked jurisdiction for the reason that the resolution of the State Board of Transportation authorizing condemnation of defendant's property was insufficient did not constitute a final judgment that the Department of Transportation cannot acquire defendant's real property by condemnation within the purview of G.S. 136-119, and that statute did not authorize the trial court to award defendant reimbursement for attorney, appraisal and engineering fees incurred because of the condemnation proceeding.

APPEAL by defendant, Winston Container Company, from *Grist, Judge.* Judgment entered 20 April 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 February 1980.

Plaintiff, the North Carolina Department of Transportation, commenced this action on 20 September 1978 to condemn land of the defendant, Winston Container Company, for a highway project in Mecklenburg County. On 15 January 1979 the court, on motion of the plaintiff, ordered the defendant to show cause why it should not be required to vacate the property described in the complaint. In the course of the show-cause hearings, it appeared to the court that the Board of Transportation had not adopted a sufficient resolution for the acquisition of defendant's property. The defendant thereupon moved to dismiss this action pursuant to Rules 12(b)(1) and 12(h) of the Rules of Civil Procedure. The court, being of the opinion that it did not have jurisdiction over this action because of the insufficient resolution by the Board of Transportation, allowed the motion to dismiss and ordered this action dismissed by judgment filed 2 March 1979. No appeal was taken from that judgment. Instead, on 13 March 1979 plaintiff, Department of Transportation, pursuant to a new resolution adopted by the North Carolina Board of Transportation, filed a new action against the defendant to condemn the same property.

In the 2 March 1979 judgment which dismissed this action, the court reserved ruling on whether defendant was entitled to be awarded, as part of the costs to be paid by the plaintiff, the reasonable attorney, appraisal, and engineering fees incurred by defendant because of this condemnation proceeding, and the court

authorized the defendant to file its petition to be awarded such fees in this action. Thereafter, on 22 March 1979, the defendant filed a petition praying that it be awarded its attorney fees in the total amount of $21,283.50 and appraisal and engineering fees in the total amount of $17,167.41. After a hearing on this petition, the court entered judgment dated 20 April 1979 denying the defendant's prayer that it be awarded such fees. From this judgment, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General Eugene A. Smith and Assistant Attorney General James E. Magner, Jr., for plaintiff appellee.*

*Joseph W. Grier, Jr., and Irvin W. Hankins III for defendant appellant.*

PARKER, Judge.

The sole question presented is whether the court erred in denying defendant's petition that it be awarded its attorney, appraisal, and engineering fees as part of the costs to be taxed against the plaintiff. We find no error.

[1] At the outset we note that litigation expenses and costs, including those incurred by a landowner in a condemnation proceeding, may be taxed only if authorized by statute. *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E. 2d 179 (1972). Such expenses incurred by the landowner do not constitute part of the "just compensation" required to be paid by the Fifth Amendment, compensation therefor being a matter of legislative grace rather than constitutional command. *United States v. Bodcaw Company*, 440 U.S. 202, 59 L.Ed. 2d 257, 99 S.Ct. 1066 (1979).

[2] Appellant recognizes these principles and points to G.S. 136-119 as the statutory authority for awarding it reimbursement for attorney, appraisal, and engineering fees incurred in the present action. In particular, appellant points to the last two paragraphs of G.S. 136-119 which read as follows:

The court having jurisdiction of the condemnation action instituted by the Department of Transportation to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for

his reasonable cost, disbursements, and expenses, including reasonable attorney fees, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if (i) the final judgment is that the Department of Transportation cannot acquire real property by condemnation; or (ii) the proceeding is abandoned by the Department of Transportation.

The judge rendering a judgment for the plaintiff in a proceeding brought under G.S. 136-111 awarding compensation for the taking of property, shall determine and award or allow to such plaintiff, as a part of such judgment, such sum as will in the opinion of the judge reimburse such plaintiff for his reasonable cost, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

We find this statute inapplicable in the present action. Analysis of G.S. 136-119 discloses that it authorizes the court having jurisdiction of a condemnation action instituted by the Department of Transportation to award the landowner reimbursement for reasonable attorney, appraisal, and engineering fees actually incurred because of the condemnation proceedings only if:

(1) "the final judgment is that the Department of Transportation cannot acquire real property by condemnation;" or

(2) "the proceeding is abandoned by the Department of Transportation;" or

(3) judgment is rendered for the plaintiff in an inverse condemnation proceeding brought under G.S. 136-111.

Unless the case falls within one of these three statutory categories, the statute gives the court no authority to award the landowner reimbursement for his costs. *Board of Transportation v. Royster*, 40 N.C. App. 1, 251 S.E. 2d 921 (1979).

The present case does not fall within any of the three statutory categories. Appellant concedes that this proceeding was not "abandoned" by the Department of Transportation within the meaning of the second statutory category, a concession which is clearly correct since the case was dismissed over the Department's objection, and the Department promptly instituted a new action against the defendant to condemn the same proper-

ty. See, *City of Charlotte v. McNeely, supra*; Annot., 68 A.L.R. 3d 610, § 15 (1976). Clearly, also, this was not an inverse condemnation proceeding so as to bring it within the third statutory category. Appellant does not contend otherwise. Its contention is that this case falls within the first statutory category, i.e., one in which "the final judgment is that the Department of Transportation cannot acquire real property by condemnation."

Appellant cites *United States v. 4.18 Acres of Land*, 542 F. 2d 786 (9th Cir. 1976) as supporting its contention that the present case falls within the first statutory category. In that case a condemnation action was dismissed in the United States District Court without prejudice because the United States Forest Service had failed, prior to commencing the action, to comply with certain regulations promulgated under the National Historic Preservation Act. This defect was cured while the proceeding was still pending in the District Court, but the case was dismissed nevertheless. The landowner then sought an award for attorney fees and other expenses under 42 U.S.C. § 4654(a), the federal statute on which the pertinent provisions of G.S. 136-119 above quoted were modeled. The District Court held that attorney fees and other expenses could not be awarded because it was not the final judgment of the court that the Forest Service could not acquire the real property by condemnation, only that the decision to condemn and the complaint were premature. On appeal, the United States Court of Appeals for the Ninth Circuit affirmed, the opinion of the court containing the following:

> It seems fair to conclude that Congress intended by section 304(a)[42 U.S.C. § 4654(a)] to create a narrow exception to the general rule of nonrecovery of litigation expenses. Recovery of litigation expenses in the present case could be justified only by a most expansive reading of the statute.

> The trial court held only that the action was premature, dismissing without prejudice because of a correctable procedural flaw. Such a dismissal is not a final judgment that the federal agency "cannot acquire the real property by condemnation." This language suggests a case in which the federal agency has moved to condemn property without warrant—for example, in the absence of any authority or of a public purpose.

And it would be contrary to the substance of what occurred in this case to hold that the United States "abandoned" the proceeding. The suit was not dismissed at the instance of the government, but over the government's opposition on motion by the landowner. It is true that the United States dismissed. its appeal. However, the government announced that its purpose was only to avoid delay, and that a new condemnation proceeding would be instituted. Such a proceeding has in fact been filed, within a year of dismissal of the original action. Quite a different situation would be presented if the government had not asserted its intention to file a new complaint and declaration of taking, and had not carried out that intention before this appeal was heard.

Were we to construe section 304(a) [42 U.S.C. § 4654(a)] as requiring an award of litigation expenses whenever the initial proceeding was dismissed for whatever reason, the award would often be largely fortuitous, depending upon the effect given by the trial court to errors committed during or prior to trial. Had the district court in this case permitted the government to amend the complaint to reflect the correction of the procedural error, rather than dismissing the action, appellants would not be entitled to expenses. Congress could not have intended that the right to recover expenses turn upon such a difference.

542 F. 2d at 789.

Contrary to appellant's contention, we find that the decision in *United States v. 4.18 Acres of Land, supra,* supports the ruling of the trial court in the case now before us. In the present case, as in that case, no final judgment has been entered that the condemning authority cannot acquire appellant's real property by condemnation. The judgment entered merely dismissed the action because the court was of opinion that it lacked jurisdiction for the reason that the resolution of the Board of Transportation authorizing condemnation of defendant's property was insufficient. No copy of that resolution is in the present record, and no appeal was taken from the judgment dismissing this action. Therefore, we express no opinion as to whether the court was correct in its finding that the resolution was insufficient or in its ruling that the lack of a sufficient resolution deprived the court of

jurisdiction. What is clear from the present record is that the judgment which was entered was not a final judgment that the Department of Transportation cannot acquire defendant's real property by condemnation. Therefore, the award of fees in the present case is not authorized as being within the first statutory category set forth in G.S. 136-119. Absent any other legislative authorization, the trial court did not err in denying defendant's petition.

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.