AMBER DAWN MUSE, BY AND THROUGH HER GUARDIAN AD LITEM, HUGH D. MUSE; HUGH D. MUSE, INDIVIDUALLY; AND ANGELA MUSE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS V. DAVID E. ECKBERG, M.D.; NEW BERN ANESTHESIA ASSOCIATES, P.A.; RONALD JACK REIDA, M.D.; CRAVEN EMERGENCY PHYSICIANS, P.A.; CRAVEN REGIONAL MEDICAL CENTER; DARA BASS, R.T.; CAROL BROWER, R.N.; LAURA WHEATON, R.N.; CALVIN G. WARREN, M.D.; SARAH STITT ADAMS, M.D.; COASTAL CHILDREN'S CLINIC, INC., DEFENDANTS-APPELLEES

No. COA99-1102

(Filed 1 August 2000)

### Costs— voluntary dismissal—preparation for depositions

The trial court erred by allowing defendants to recover costs that were incurred in preparation for depositions in a medical malpractice action where plaintiffs voluntarily dismissed the case without prejudice under N.C.G.S. § 1A-1, Rule 41(a), because the taxing of deposition expenses as costs under N.C.G.S. § 1A-1, Rule 41(d) is limited to expenses that are directly related to the taking of depositions.

Appeal by plaintiffs from order entered 1 June 1999 by Judge Clifton W. Everett, Jr. in Superior Court, Craven County. Heard in the Court of Appeals 7 June 2000.

*Corne, Corne & Grant, P.A., by Robert M. Grant Jr., and Donald J. Dunn, P.A., by Donald J. Dunn for plaintiffs-appellants.*

*Walker, Clark, Allen, Herrin, & Morano, L.L.P., by Robert D. Walker, Jr. and Gay Parker Stanley, for defendants-appellees.*

*North Carolina Academy of Trial Lawyers, by Stella A. Boswell, Amicus curiae.*

WYNN, Judge.

In 1999, the plaintiffs voluntarily dismissed without prejudice under N.C.R. Civ. P. 41(a) their medical malpractice action against the defendant medical providers. Thereafter, the defendants moved

MUSE v. ECKBERG

[139 N.C. App. 446 (2000)]

under N.C.R. Civ. P. 41(d) to recover from the plaintiffs their costs incurred to prepare for depositions—consultation fees by three physicians and expenses relating to travel, copying, long distance telephone calls, and postage. From the trial court's order awarding these expenses as costs incurred in preparation for depositions, the plaintiffs appeal.

---

The issue on appeal is whether the trial court properly allowed the defendants to recover costs that were incurred in preparation for depositions. We reverse the trial court's award of these costs.

Under N.C.R. Civ. P. 41(d), a plaintiff who takes a voluntary dismissal of an action or claim shall be taxed with the costs of the action unless the action was brought in forma pauperis. Our courts strictly construe such statutory authorizations for costs because "the right to tax costs did not exist at common law and costs are considered penal in their nature." *City of Charlotte v. McNeely*, 281 N.C. 684, 692, 190 S.E.2d 179, 186 (1972)); *see also State v. Johnson*, 282 N.C. 1, 27, 191 S.E.2d 641, 658 (1972). Thus, while the decision to tax costs is not reviewable absent an abuse of discretion, *see Chriscoe v. Chriscoe*, 268 N.C. 554, 557, 151 S.E.2d 33, 35 (1966), the discretion to award costs is strictly limited by our statutes.

In *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982) this Court held that "[e]ven though deposition expenses do not appear expressly in the statutes they may be considered as part of 'costs' and taxed in the trial court's discretion." Thereafter, in *Sealey v. Grine*, 115 N.C. App. 343, 444 S.E.2d 632 (1994), this Court extended the holding of *Dixon* to allow the award of costs relating to a deposition, including costs for traveling to and from the deposition, videotaping the deposition, copies of the deposition, and court reporting services.

We are now asked in this appeal to extend the holding of *Sealey* to allow the recovery of costs that are incurred in *preparation* of depositions. We decline to do so. Instead, as with statutory authorizations for costs, we strictly construe the holding of *Sealey* and limit it to expenses that are *directly* related to a deposition.

The expenses sought by the medical providers in this case are too far removed from a deposition itself to be considered direct "deposition expenses." For instance, some of the travel expenses in this case relate to travel to visit the defendants' witnesses, not travel to and

**MUSE v. ECKBERG**

[139 N.C. App. 446 (2000)]

from a deposition. And the record on appeal fails to show conclusively that any of the expenses incurred for copying, long distance phone calls and postage stemmed directly from a deposition. Accordingly, since the record fails to establish that the costs sought in this case were directly related to the taking of depositions, we reverse the trial court's award of costs.

Reversed.

Judges MARTIN and McGEE concur.