RICHARD ALLEN OVERTON v. WILLIAM ROBERT PURVIS

No. 45A03

(Filed 2 October 2003)

**Negligence— last clear chance—hunter struck while standing in roadway**

The decision of the Court of Appeals that the trial court erred by instructing on last clear chance in an action to recover for injuries sustained by plaintiff when he was struck by defendant's vehicle while standing in the roadway in an attempt to protect hunting dogs crossing the roadway is reversed for the reasons stated in the dissenting opinion that plaintiff had a reasonable expectation that defendant, in maintaining a proper lookout, would see him, slow down and prepare to stop; that plaintiff was in a helpless peril from which he could not escape by the exercise of reasonable care immediately prior to being struck by defendant's vehicle; and that the evidence supports a reasonable inference that defendant had the time and means to avoid the accident by the exercise of reasonable care after he discovered, or should have discovered, plaintiff's helpless peril.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 154 N.C. App. 543, 573 S.E.2d 219 (2002), reversing and remanding an amended judgment entered 18 June 2001 by Judge Quentin T. Sumner in Superior Court, Pitt County. Heard in the Supreme Court 9 September 2003.

**STATE v. WILSON**

[357 N.C. 498 (2003)]

*The Blount Law Firm, PA, by Marvin K. Blount III, for plaintiff-appellant.*

*Walker, Clark, Allen, Grice & Ammons, LLP, by Jerry A. Allen and Gay P. Stanley, for defendant-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals addressing only defendant's assignment of error as to the last clear chance doctrine. The result in the Court of Appeals did not require it to reach other issues properly preserved by defendant and raised on appeal. These remaining issues relate not only to the amended judgment reversed and remanded by the Court of Appeals, but also to three additional orders entered 6 June 2001 and appealed by defendant in his notice of appeal to the Court of Appeals. Because we now reverse the Court of Appeals' decision as to the only issue it addressed, on remand, that court should also consider defendant's remaining issues.

REVERSED.