DEPARTMENT OF TRANSP. v. CHARLOTTE AREA MFD. HOUSING, INC.

[160 N.C. App. 461 (2003)]

DEPARTMENT OF TRANSPORTATION, Plaintiff v. CHARLOTTE AREA
MANUFACTURED HOUSING, INC., Defendant

No. COA02-1305

(Filed 7 October 2003)

**Costs— appraisal fees—maps—trial exhibits**

The trial court did not err in a highway condemnation case by partially denying defendant's motion to tax costs against plaintiff DOT associated with appraisal fees, maps, and trial exhibits, because: (1) there is no express statutory authority to tax these costs; and (2) N.C.G.S. § 6-20 is not authority for a trial court to tax non-N.C.G.S. § 7A-305(d) costs.

Appeal by defendant from an order entered 17 May 2002 by Judge Clarence E. Horton, Jr. in Cabarrus County Superior Court. Heard in the Court of Appeals 20 August 2003.

*Attorney General Roy Cooper, by Assistant Attorney Generals James M. Stanley, Jr. and Douglas W. Corkhill, for the State.*

*Peter E. McArdle and Raymond A. Warren, for defendant-appellant.*

LEVINSON, Judge.

Defendant appeals from an order partially denying its motion to tax costs against the Department of Transportation (DOT) following a highway condemnation case. We affirm.

I.

On 2 November 1998, DOT brought these two condemnation actions for the acquisition of a new highway right of way over two parcels of the defendant's land and posted bonds pursuant to N.C.G.S. § 136-103 (2001). On 3 November 1999, the defendant answered and asserted that the bonds posted by DOT were not fair compensation. The cases were consolidated for trial, and on 5 November 2001, a jury awarded substantially higher values for both parcels than DOT had deposited with the clerk of court pursuant to N.C.G.S. § 136-103. On 14 December 2001, the trial court entered judgment and ordered DOT to pay the costs of the action. The defendant sought to have its expenses associated with mediation, expert witness fees, expert appraisal fees, maps, and trial exhibits included in

the costs taxed against DOT. The trial court granted defendant's motion with respect to mediation expenses and reasonable and necessary expert witness fees; the trial court denied defendant's motion with respect to appraisal fees, maps, and trial exhibits.

The trial court made the following findings of fact:

2. At the trial of this matter, defendant tendered three witnesses as experts in the area of property appraisal. Mr. Thomas B. Harris and Mr. Edward M. Wright, both of the firm of T.B. Harris, Jr. & Associates, testified as to the fair market value of the tracts of property in question immediately before and after the taking by the plaintiff; Mr. John McPherson also testified to the same subject matter.

. . . .

4. The charges submitted by T.B. Harris, Jr. & Associates include charges for both appraisal fees and fees for preparation and testifying in court at the trial of this matter. Although some of the charges are not completely specific, after careful examination it appears to the court that the sums of $3,500.00 . . . , $625.00 . . . , and $2,500.00 . . . , totaling $6,625.00, clearly represent appraisal costs.

5. The remainder of the amount invoiced by T.B. Harris, Jr. & Associates, to wit: $16,998.76, includes charges by both Thomas B. Harris and Edward M. Wright. The total sum includes charges for pre-trial discussions with counsel for defendant, pre-trial preparation time reviewing materials, actual trial testimony time (including time spent traveling to and from the courthouse). . . .

. . . .

7. Mr. John P. McPherson also was subpoenaed and testified as an expert witness for defendant. His invoice to the defendant was in the total sum of $12,531.25, $10,000.00 of which represented appraisal costs. . . .

8. Mr. Roger D. Shoaf of Shoaf Grading Company, and Mr. Tommy Abernathy, of Hal Abernathy, Inc., submitted invoices in the amount of $500.00 each for estimates on grading the subject property. . . . Further, Accuracy Sitework Estimators, Inc., submitted a bill to Mr. Shoaf in the sum of $650.00 for cut and fill estimates for the subject property. The court finds that the

amount of $1,650.00 for invoices submitted by Mr. Shoaf, Mr. Abernathy, and Accuracy Sitework Estimators, Inc., are a part of the appraisal costs incurred by defendant in this matter.

9. Defendant has requested reimbursement for charges for maps, photographs, enlargement and mounting of exhibits, all in the total amount of $4,310.00. . . .

The trial court made the following conclusions of law:

A. There is no authority for the court to award any amount to defendant for its appraisal costs. Costs may be awarded by this court only pursuant to statutory authority, *Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972), and our statutes do not provide for allowance of appraisal fees in condemnation proceedings. See, in the context of a domestic case, the discussion of the Court of Appeals in *Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). . . . Further, G.S. [§] 136-119 specifically provides for certain limited situations when appraisal fees may be recovered by a landowner, but none of those statutory exceptions apply to this situation. If appraisal fees were recoverable in all condemnation matters, there would be no need for the statutory exceptions.

. . . .

C. The court is not able to find any statutory authority pursuant to which it can reimburse defendant for its costs for maps and exhibits. Our Supreme Court has not spoken to this point, and our Court of Appeals has allowed such assessment of costs only in the limited situation where costs are sought pursuant to Rule 41(d), following a Rule 41(a) voluntary dismissal. See, for example, *Lewis v. Setty*, 140 N.C. App. 536, 537 S.E.2d 505 (2000).

Defendant appeals from the trial court's conclusions that it lacked the authority to tax DOT with the defendant's expenses associated with appraisal fees, maps, and trial exhibits. Defendant makes two arguments on appeal, namely, that the trial court had discretion under N.C.G.S. § 6-20 (2001) to tax as costs: (1) appraisal fees incurred by the defendant, and (2) sums expended by the defendant for maps and trial exhibits.

The defendant properly concedes that N.C.G.S. § 136-119 (2001) does not authorize the taxing of the appraisal costs incurred in the present matter. Accordingly, our analysis is confined to whether

the trial court had discretion under N.C.G.S. § 6-20 to tax the sums in question.

## II.

" '[W]here an appeal presents [a] question[] of statutory interpretation, full review is appropriate, and [we review] a trial court's conclusions of law . . . *de novo.*' " *Coffman v. Roberson*, 153 N.C. App. 618, 571 S.E.2d 255 (2002) (quoting *Edwards v. Wall*, 142 N.C. App. 111, 115, 542 S.E.2d 258, 262 (2001)), *disc. review denied*, 356 N.C. 668, 557 S.E.2d 111 (2003). Where a trial court erroneously concludes that it lacks discretion to award costs, the matter should be remanded to permit the trial court to exercise its discretion. *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982).

Several statutes guide our resolution of the issues presented in this case. Article 28 of the General Statutes is titled "Uniform Costs and Fees in the Trial Divisions." In Article 28, N.C.G.S. § 7A-305 (d) and (e) (2001) provide:

> (d) The following expenses, when incurred, are also assessable or recoverable, as the case may be:
>
> (1) Witness fees, as provided by law.
>
> (2) Jail fees, as provided by law.
>
> (3) Counsel fees, as provided by law.
>
> (4) Expense of service of process by certified mail and by publication.
>
> (5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.
>
> (6) Fees for personal service and civil process and other sheriff's fees, as provided by law. Fees for personal service by a private process server may be recoverable in an amount equal to the actual cost of such service or fifty dollars ($50.00), whichever is less, unless the court finds that due to difficulty of service a greater amount is appropriate.
>
> (7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. The fee of such

appointees shall include reasonable reimbursement for stenographic assistance, when necessary.

(8) Fees of interpreters, when authorized and approved by the court.

(9) Premiums for surety bonds for prosecution, as authorized by G.S. 1-109.

(e) Nothing in this section shall affect the liability of the respective parties for costs as provided by law.

N.C.G.S. § 7A-320 (2001) provides that "[t]he costs set forth in this Article [28] are complete and exclusive, and in lieu of any other costs and fees."

Chapter 6 is titled "Liability for Court Costs." N.C.G.S. § 6-1 (2001) refers to the definition of costs provided in N.C.G.S. § 7A-305(d): "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." N.C.G.S. § 6-20 states that "[i]n other actions [not set forth in 6-18 and 19], costs may be allowed or not, in the discretion of the court, unless otherwise provided by law."

In an opinion written by former Justice (later Chief Justice) Susie Sharpe, the North Carolina Supreme Court clearly indicated that a court may only tax costs pursuant to enabling legislation:

In considering any question involving court costs the following principles are pertinent: At common law neither party recovered costs in a civil action and each party paid his own witnesses. Today in this State, "all costs are given in a court of law in virtue of some statute." The simple but definitive statement of the rule is: "[C]osts in this State, are entirely creatures of legislation, and without this they do not exist."

Since costs may be taxed solely on the basis of statutory authority, it follows *a fortiori* that courts have no power to adjudge costs "against anyone on mere equitable or moral grounds." Furthermore, even when allowed by statute, "[c]osts and expenses unnecessarily incurred by the prevailing party will not be taxed against the unsuccessful party."

City properly concedes that respondents, to whom judgement was given, are entitled to recover their actual costs reasonably

incurred and specifically authorized by statutes. Clearly, however, such reimbursement is the limit of their entitlement.

*City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) (quoting *Costin v. Baxter*, 29 N.C. 111, 112 (1846), *Clerk's Office v. Commissioners*, 121 N.C. 29, 30, 27 S.E. 1003 (1897), 20 C.J.S. Costs §§ 1, 2 (1940), 20 C.J.S. Costs § 256 (1940)) (citations omitted).

The cases decided by this Court suggest two differing analytical approaches have been used to determine which expenses may be considered "costs." One line of authority holds that any reasonable and necessary expense may be considered a "cost;" the other line of authority holds that the term "costs" encompasses only those expenses either listed in N.C.G.S. § 7A-305(d) or previously recognized as assessable by the common law.

### *The "reasonable and necessary" line of cases*

Notwithstanding the language in *McNeely*, some cases from this Court have held that trial courts have broad discretionary authority under N.C.G.S. § 6-20 to tax any expenses that are deemed "reasonable and necessary." *Coffman*, 153 N.C. App. at 628-29, 571 S.E.2d at 261-62; *Minton v. Lowe's Food Stores*, 121 N.C. App. 675, 680, 468 S.E.2d 513, 516 (1996) ("We must look to the provisos of section 6-20, which vests the trial judge with discretionary authority to allow costs as justice may require."), *disc. review denied*, 344 N.C. 438, 476 S.E.2d 119 (1996).

Though such items are not explicitly defined as costs in any statute, this Court has upheld awards of, *e.g.*, deposition costs, *Alsup v. Pitman*, 98 N.C. App. 389, 391, 390 S.E.2d 750, 751-52 (1990), and *Dixon*, 59 N.C. App. at 286, 296 S.E.2d at 516; trial exhibits and travel expenses for hearings and trial, *Coffman*, 153 N.C. App. at 628-29, 571 S.E.2d at 261-62; bond premiums in an ejectment action, *Minton*, 121 N.C. App. at 680, 468 S.E.2d at 516; expert witness fees, *Lewis v. Setty*, 140 N.C. App. 536, 539-40, 537 S.E.2d 505, 507-08 (2000); and charges by expert witnesses for time spent outside of trial, *Campbell v. Pitt County Memorial Hosp., Inc.*, 84 N.C. App. 314, 328, 352 S.E.2d 902, 910, *aff'd*, 321 N.C. 260, 362 S.E.2d 273 (1987), *overruled on other grounds, Johnson v. Ruark Obstetrics*, 327 N.C. 283, 395 S.E.2d 85 (1990). Likewise, this Court has upheld the decision of a trial court not to award costs where such a decision was not an abuse of discretion. *Estate of Smith v. Underwood*,

127 N.C. App. 1, 13, 487 S.E.2d 807, 815 ("[s]ince the enumerated costs [for expert witnesses, discovery, subpoena charges, transcript costs, the cost of reproducing documents for use at trial as exhibits, and miscellaneous postage charges] sought by plaintiffs are not expressly provided for by law, it was within the discretion of the trial court whether to award them"), *disc. review denied*, 347 N.C. 398, 494 S.E.2d 410 (1997).

The rationale for affording broad discretion to trial courts to determine what items may be taxed as costs is based on a loose interpretation of N.C.G.S. § 6-20. The "reasonable and necessary" cases begin by noting that "in those civil actions not enumerated in § 6-18, 'costs may be allowed or not, in the discretion of the court. . . .' " *Lewis*, 140 N.C. App. at 538, 537 S.E.2d at 506 (quoting N.C.G.S. § 6-20). Those cases then interpret section 6-20's "discretion" language to be conferring not only the discretion to determine whether or not costs should be allowed, but also the authority to define the scope of expenditures that may be taxed. *See, e.g., Coffman*, 153 N.C. App. at 628-29, 571 S.E.2d at 261-62; *see also Cosentino v. Weeks*, 160 N.C. App. ——, —— S.E.2d —— (COA-02-1327, filed 7 October 2003) (discussing in more detail how some opinions from this Court have read N.C.G.S. § 6-20's use of the word "discretion" to confer two different kinds of discretion).

In *Alsup*, a plaintiff alleged that N.C.G.S. § 7A-320, enacted in 1983, overruled this Court's recognition of reasonable and necessary deposition expenses as taxable costs. *Alsup*, 98 N.C. App. 389, 390 S.E.2d 750. N.C.G.S. § 7A-320 provides that "[t]he costs set forth in this Article are complete and exclusive, and in lieu of any other costs and fees." In *Alsup*, this Court held that N.C.G.S. § 7A-320 did not affect this Court's recognition of deposition expenses. *Id.* at 391, 390 S.E.2d at 751. Specifically, this Court observed that "§ 7A-305, which specifies in subsection (d) the costs recoverable in civil actions, also provides in subsection (e) that '[n]othing in this section shall affect the liability of the respective parties for costs as provided by law.' Consequently, we find that the authority of trial courts to tax deposition expenses as costs, pursuant to § 6-20, remains undisturbed." *Id.* (quoting N.C.G.S. § 7A-305). Subsequent cases have held that "[w]hile case law has found that deposition costs are allowable under section 6-20, it has in no way precluded the trial court from taxing other costs that may be 'reasonable and necessary.' " *Minton*, 121 N.C. App. at 680, 468 S.E.2d at 516.

*The "explicitly delineated" approach*

Other cases from this Court have strictly limited the trial court's authority to award costs to those items (1) specifically enumerated in the statutes, or (2) recognized by existing common law. *See Crist v. Crist*, 145 N.C. App. 418, 423-24, 550 S.E.2d 260, 264-65 (2001) ("[A] trial court . . . is prohibited from assessing costs in civil cases which are neither enumerated in section 7A-305 nor 'provided by law.' "); *Muse v. Eckberg*, 139 N.C. App. 446, 447, 533 S.E.2d 268, 269 (2000) ("[A]s with statutory authorizations for costs, we strictly construe [case law] and limit it to expenses that are directly related to a deposition."); *Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271 ("While the trial court has broad discretion to allow costs, N.C. Gen. Stat. § 6-20 [], it may exercise that discretion only within the bounds of its statutory authority."), *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985).

Accordingly, where such expenses were not specifically recognized by statute or existing common law, this Court has disallowed the taxing of travel expenses, *Crist*, 145 N.C. App. at 424, 550 S.E.2d at 265; x-ray films and copies made of records, *Sealy v. Grine*, 115 N.C. App. 343, 444 S.E.2d 632 (1994); copying, phone calls, postage, and travel not directly stemming from a deposition, *Muse*, 139 N.C. App. at 447, 533 S.E.2d at 269; appraisal fees by witnesses voluntarily selected by the defendant, *Wade*, 72 N.C. App. at 384, 325 S.E.2d at 271; and attorney, appraisal, and engineering fees not specifically allowed under N.C.G.S. § 136-119, *Dept. of Transportation v. Container Co.*, 45 N.C. App. 638, 640, 263 S.E.2d 830, 831 (1980).

The following rationale has been offered for strictly limiting the discretion of trial judges to determine what items may be taxed as costs:

> The "complete and exclusive" listing of assessable costs is set forth in Article 28. Section 7A-305, contained within Article 28, specifically enumerates the costs to be assessed in civil actions. In addition to these specifically enumerated costs, the trial court is to assess "costs as provided by law." This Court, prior to the passage of section 7A-320 (which made the costs enumerated in Article 28 "complete and exclusive"), held that deposition expenses are assessable costs. It follows that deposition expenses are "costs as provided by [case] law"; therefore the passage of section 7A-320 did not preclude the assessment of deposition expenses as costs by the trial court. The trial court may

not, however, assess as costs any expenses which are neither enumerated within Article 28 nor "provided by law."

*Sara Lee Corp. v. Carter,* 129 N.C. App. 464, 474, 500 S.E.2d 732, 738 (1998) (holding that a trial court lacked the discretion to tax fees assessed by a bank to assemble records and appear and testify pursuant to subpoena), *reversed on other grounds,* 351 N.C. 27, 519 S.E.2d 308 (1999) (citations omitted).

We observe that the "explicitly delineated" cases are more consistent with the context and plain meaning of N.C.G.S. § 6-20 than are the "reasonable and necessary" cases. Section 6-20 is located in Chapter 6, the first section of which reads "[t]o the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." N.C.G.S. § 6-1. Thus, the term "costs" in N.C.G.S. 6-20 refers to "costs" as delineated in N.C.G.S. § 7A-305(d). *See Crist,* 145 N.C. App. at 423-24, 550 S.E.2d at 264-65. Moreover, N.C.G.S. § 6-20 follows sections 6-18 and 6-19, which require an award of costs to one of the parties in certain types of actions. The costs to be awarded under N.C.G.S. §§ 6-18 and 19 are the costs specifically delineated in N.C.G.S. § 7A-305(d). *See* N.C.G.S. § 6-1.

Furthermore, the language of N.C.G.S. § 6-20 states that "[i]n other actions, costs may be allowed or not, in the discretion of the court . . . ." By referring to "other actions," section 6-20 apparently grants a trial judge discretion to determine whether or not costs should be taxed to a party in an action not specified in sections 6-18 and 6-19. Thus, the discretion granted is the discretion to allow costs, not the discretion to judicially create costs. Put differently, the word "discretion" qualifies the word "allowed," not the word "costs." Thus, N.C.G.S. § 6-20, read closely and in context, is not strong authority for a trial court to tax non-7A-305(d) costs. *See Crist,* 145 N.C. App. at 423-24, 550 S.E.2d at 264-65; *contra Minton,* 121 N.C. App. at 680, 468 S.E.2d at 516.

### III.

We thus conclude that the cases from this Court irreconcilably conflict as to whether legislation permits the taxing of items not listed in the North Carolina General Statutes as assessable or recoverable costs. *Compare Coffman,* 153 N.C. App. at 628-29, 571 S.E.2d at 261-62 (reading N.C.G.S. § 6-20 as statutory authority for a trial court to tax practically any costs found to be reasonable and necessary), *with Crist,* 145 N.C. App. at 423-24, 550 S.E.2d at 264-65 (hold-

ing that the discretion of a trial judge to award costs is strictly limited to the items enumerated in N.C.G.S. § 7A-305(d) and those items already recognized by this Court's common law). To resolve the present case, we must necessarily choose one approach.

We choose to follow the "explicitly delineated" approach because this approach is premised upon an interpretation of N.C.G.S. § 6-20 that is more consistent with the Supreme Court's pronouncement that costs are creatures of statute. *McNeely*, 281 N.C. at 691, 190 S.E.2d at 185. In doing so, we are constrained by the paramount precedent of *McNeely* and therefore cannot recognize the common law expenses previously permitted by this Court. To follow the "reasonable and necessary" approach would do further violence to the plain meaning of N.C.G.S. §§ 6-1, 6-20, and 7A-320 and further erode the general rule that non-statutory costs are not taxable.[1]

IV.

We now turn to the question of whether the trial court erred in finding that it lacked express statutory authority to tax expenses associated with appraisal fees, maps, and trial exhibits.

A.

*Appraisal Fees*

In its first argument on appeal, the defendant contends that the authority for a trial court to tax appraisal costs is grounded in N.C.G.S. § 6-20. We do not agree.

There is no express statutory authority to tax defendant's appraisal fees as costs. N.C.G.S. § 7A-305(d), the statute which delineates generally recoverable costs, does not mention appraisal fees. N.C.G.S. § 136-119, which deals with highway condemnation costs, does not authorize the taxing of appraisal fees in the present matter. *See* N.C.G.S. § 136-119 (authorizing appraisal fees (1) when the final judgement is that DOT cannot acquire the property, (2) when DOT abandons the proceeding, and (3) in inverse condemnation cases); *Container Co.*, 45 N.C. App. at 640-41, 263 S.E.2d at 831 (holding that appraisal fees not fitting within the three enumerated categories could not be taxed).

---

1. For a discussion of the impact of the distinction between statutory and common law costs in the Rule 41(d) context, see an opinion also decided this date, *Cosentino v. Weeks*, 160 N.C. App. 511, 586 S.E.2d 787 (2003).

We find it telling that the General Assembly made appraisal fees taxable in only three specific situations. *See* N.C.G.S. § 136-119. If the General Assembly had wished to make appraisal fees recoverable in other situations, it could have done so easily. *See Evans v. Diaz*, 333 N.C. 774, 779-80, 430 S.E.2d 244, 247 (1993) ("Under the doctrine of *expressio unius est exclusio alterius*, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list.").

In the present case, the trial judge concluded that he lacked the authority to award appraisal fees as costs. This conclusion is consistent with our analysis under the "explicitly delineated" approach. *Accord Wade*, 72 N.C. App. 372, 325 S.E.2d 260. The first assignment of error is, therefore, overruled.

### B.

The defendant's second argument on appeal is that the trial court erred in ruling that it lacked the authority to tax map and trial exhibit expenses. We disagree.

### *Maps*

The North Carolina General Statutes do not expressly provide for the taxing of expenses related to maps. N.C.G.S. § 7A-305(d) does not mention maps, and N.C.G.S. § 6-20 does not, on its face, make map expenses taxable. *See Crist*, 145 N.C. App. at 423-24, 550 S.E.2d at 264-65; *contra Minton*, 121 N.C. App. at 680, 468 S.E.2d at 516.

Our Supreme Court has indicated that map expenses are not generally taxable. *McNeely*, 281 N.C. at 691-92, 190 S.E.2d at 185 ("[T]he expense of procuring surveys, maps, plans, photographs and 'documents' are not taxable as costs unless there is clear statutory authority therefor or they have been ordered by the court."). The *Coffman* and *Lewis* line of cases cannot be interpreted to overrule *McNeely*.

In the present case, the trial court correctly found that it was without the statutory authority to tax map expenses. The second assignment of error is, therefore, overruled with respect to the taxing of map expenses.

### *Trial exhibits*

The North Carolina General Statutes do not explicitly authorize a trial court to tax expenses related to trial exhibits; however, some of

IN THE COURT OF APPEALS

the "reasonable and necessary" cases from this Court have held that a trial court has the discretion under N.C.G.S. § 6-20 to order that a party be reimbursed for trial exhibits. *Coffman*, 153 N.C. App. at 629, 571 S.E.2d at 261; *Lewis*, 140 N.C. App. at 539-40, 537 S.E.2d at 507; *Smith*, 127 N.C. App. at 12, 487 S.E.2d at 814-15.

"Without question, this Court is required to follow decisions of our Supreme Court until the Supreme Court orders otherwise." *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 621, 504 S.E.2d 102, 106 (1998) (citing *Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993)). This panel also is required to follow precedent established by prior panels of this Court. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). However, where an opinion from this Court has been inconsistent with prior decisions of this Court and our Supreme Court, we have declined to follow it. *See Heatherly*, 130 N.C. App. at 621, 504 S.E.2d at 106; *Cissell v. Glover Landscape Supply, Inc.*, 126 N.C. App. 667, 669-70 n.1, 486 S.E.2d 472, 473-74 n.1, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 408 (1997), *rev'd on other grounds*, 348 N.C. 67, 497 S.E.2d 283 (1998).

We conclude that our duty is to follow the rule established by the Supreme Court in *McNeely* and this Court's "explicitly delineated" cases, which generally adhere to that rule. *See Dunn*, 334 N.C. at 118, 431 S.E.2d at 180 (requiring this Court's compliance with Supreme Court precedent). We therefore decline to follow those opinions from this Court which purport to make trial exhibit expenses taxable in the discretion of a trial court. *See Heatherly*, 130 N.C. App. at 621, 504 S.E.2d at 106; *Cissell*, 126 N.C. App. at 669-70, 486 S.E.2d at 473-74.

In the present case, the trial court concluded it was without express statutory authority to tax the costs of trial exhibits. In light of the Supreme Court's pronouncement in *McNeely*, 281 N.C. at 690, 190 S.E.2d at 184, and this Court's holdings in *Crist*, 145 N.C. App. at 423-24, 550 S.E.2d at 264-65, *Muse*, 139 N.C. App. at 447, 533 S.E.2d at 269, and *Wade*, 72 N.C. App. at 384, 325 S.E.2d at 271, the trial court did not reach an erroneous conclusion. The second assignment of error is, therefore, overruled with respect to the taxing of trial exhibit expenses.

Admittedly, the current status of our common law breeds much confusion for the bench and bar regarding something seemingly as simple as what constitutes a "cost." Regrettably, our opinion may

contribute to the confusion. Barring intervention by our General Assembly or Supreme Court, the law of costs will remain unclear.

Affirmed.

Judges MARTIN and McCULLOUGH concur.