RICHARD ALLEN OVERTON, Plaintiff v. WILLIAM ROBERT PURVIS, Defendant

No. COA01-1520-2

(Filed 20 January 2004)

**1. Negligence— sudden emergency—request for instruction— denied**

Defendant's request for an instruction on sudden emergency was properly denied where defendant did not establish that the emergency was not created by his own negligence.

**2. Appeal and Error— Court of Appeals jurisdiction—defendant's appeal from denial of plaintiff's motion**

The Court of Appeals had jurisdiction over defendant's appeal from the trial court's denial of plaintiff's motion for additur on a $7,000 verdict because defendant ultimately became liable for $32,120 in attorney's fees as part of costs under N.C.G.S. § 6-21.1 (fees may be taxed as costs where the judgment is $10,000 or less.).

**3. Damages and Remedies— additur denied—no abuse of discretion**

There was no abuse of discretion in the denial of a motion for additur where defendant consented to the additur, and the court made its decision only after considering plaintiff's motion, defendant's response, and the arguments of both counsel.

**4. Costs— attorney fees—guidelines and findings**

There was no abuse of discretion in the award of attorney fees where the court did not specifically consider all of the Washington guidelines, but no further findings were necessary under the circumstances. A finding as to the timing of a settlement offer was not necessary in light of the finding that no settlement offer was made, and this case did not involve superior bargaining power or unwarranted refusal.

**5. Costs— attorney fees—no abuse of discretion**

An award of attorney fees of $32,000 on a $7,000 verdict was not an abuse of discretion where the court considered detailed time and billing statements and the arguments of counsel.

**6. Costs— attorney fees—findings—sufficiency**

An award of attorney fees was supported by the findings.

**7. Compromise and Settlement— proposal to open negotiations—not an offer**

The record supports a finding that a negligence defendant made no offer to settle prior to the verdict. A statement by an insurance agent was more like a proposal to open negotiations within a range of values than an offer to settle.

**8. Costs— expert witness fees—no subpoena**

A trial court erred by awarding expert witness fees as costs where there was no finding that the witnesses were subpoenaed or support in the record for such a finding. N.C.G.S. § 7A-314(d).

**9. Costs— expenses—not directly related to deposition**

Certain itemized expenses were improperly included in costs assessed against defendant where the expenses were not directly related to the taking of a deposition.

Appeal by defendant from judgment entered 18 June 2001 by Judge Quentin T. Sumner in Pitt County Superior Court. Heard in the Court of Appeals 14 October 2002. A divided panel of this Court reversed as to the first issue and, by opinion entered 17 December 2002, remanded the case to Superior Court with instructions to enter judgment for defendant. *See Overton v. Purvis*, 154 N.C. App. 543, 573 S.E.2d 219 (2002). The North Carolina Supreme Court reversed and, by opinion entered 2 October 2003, remanded to this Court for consideration of defendant's remaining assignments of error. *See Overton v. Purvis*, 357 N.C. 497, 586 S.E.2d 265 (2003).

*The Blount Law Firm, P.L.L.C., by Marvin K. Blount, III, for plaintiff-appellee.*

*Walker, Clark, Allen, Grice & Ammons, L.L.P., by Jerry A. Allen and Gay P. Stanley, for defendant-appellant.*

EAGLES, Chief Judge.

This case arises from judgment entered for plaintiff in a negligence action stemming from an automobile accident involving a pedestrian. Since a detailed summary of the facts giving rise to this appeal is set forth in our previous opinion, *Overton v. Purvis*, 154 N.C. App. 543, 573 S.E.2d 219 (2002), only a brief synopsis of the pertinent facts is required to provide context for the issues to be considered.

The evidence tended to establish that on 7 September 1996, while fox hunting with friends near Falkland, North Carolina, plaintiff entered and stood in the middle of Highway 222 to protect hunting dogs that were crossing the road in pursuit of a fox. While standing in the road, plaintiff saw defendant's truck round a bend in the road approximately 1000 feet away. Plaintiff remained in the road, first just watching defendant as he approached and later, waving his hands to get defendant's attention when it appeared defendant was not slowing down. Plaintiff remained in the roadway until defendant's truck was approximately 100-150 feet from him. Plaintiff was struck by defendant's truck as he attempted to get out of the roadway.

On appeal, defendant presented the following issues for review: (*I*) whether the trial court erred by instructing the jury on the doctrine of last clear chance; (*II*) whether the trial court erred by denying defendant's request for an instruction on the doctrine of sudden emergency; (*III*) whether the trial court erred by denying defendant's motion for judgment notwithstanding the verdict or for a new trial; (*IV*) whether the trial court erred by denying plaintiff's motion for additur; and (*V*) whether the trial court erred by awarding plaintiff costs and attorneys' fees. We now consider defendant's remaining assignments of error.

## *I.*

Defendant first contends that the trial court erred by instructing the jury on the doctrine of last clear chance. Defendant argues that neither the first nor the third elements required to invoke the doctrine of last clear chance were sufficiently established. Although this Court's previous opinion only analyzed the sufficiency of the evidence to support the first element, our Supreme Court concluded that the issue of last clear chance was properly submitted to the jury in this case. *See Overton v. Purvis*, 357 N.C. 497, 586 S.E.2d 265 (2003). *See also Overton v. Purvis*, 154 N.C. App. 543, 573 S.E.2d 219 (2002) (THOMAS, J. dissenting). Accordingly, these assignments of error are overruled.

## *II.*

[1] Defendant next contends that the trial court erred by denying his request for an instruction on the doctrine of sudden emergency. We disagree.

Before an instruction on the doctrine of sudden emergency may be given, the party asserting the doctrine must present substantial

evidence of two elements: (1) that an emergency situation existed; and (2) that the emergency was not created by the negligence of the party seeking the doctrine's protection. *Long v. Harris*, 137 N.C. App. 461, 467, 528 S.E.2d 633, 637 (2000). "In determining whether the substantial evidence test has been satisfied, 'the evidence must be considered in the light most favorable' to the party requesting the benefit of the instruction." *Id.* (quoting *Holbrook v. Henley*, 118 N.C. App. 151, 153, 454 S.E.2d 676, 678 (1995)).

Here, defendant testified that he first saw the hunters' vehicles parked along the side of the road when he was approximately 500 feet away from the accident scene. Defendant also saw Jay Womble, standing on the right side of the road, waving his arms "for [defendant] to stop." Although defendant could have stopped when he saw Jay Womble, he did not; instead, defendant "got over just a little bit," and proceeded on to the point where he ultimately struck plaintiff, who was standing in the road. In light of this evidence, we conclude that defendant failed to establish the second element required for an instruction on sudden emergency, *i.e.*, that the emergency was not created by defendant's own negligence. Accordingly, the trial court properly denied defendant's request for the instruction.

### III.

Defendant next contends that the trial court erred by denying his motions for judgment notwithstanding the verdict and, in the alternative, for a new trial, based on the trial court's erroneous instruction on the issue of last clear chance. We disagree.

"On appeal our 'standard of review for a judgment notwithstanding the verdict is the same as that for a directed verdict; that is, whether the evidence was sufficient to go to the jury.' " *Whitaker v. Akers*, 137 N.C. App. 274, 277, 527 S.E.2d 721, 724 (2000) (citation omitted). "[A] motion for new trial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion. However, where the motion involves a question of law or legal inference, our standard of review is *de novo*." *Kinsey v. Spann*, 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000) (citation omitted).

Here, our Supreme Court has already determined that the issue of last clear chance was properly submitted to the jury in this case. *See Overton v. Purvis*, 357 N.C. 497, 586 S.E.2d 265 (2003). Therefore, we conclude the trial court properly denied defendant's motions for judgment notwithstanding the verdict and for a new trial.

### *IV.*

**[2]** Defendant next contends that the trial court erred by denying plaintiff's motion for additur. We disagree.

After the jury returned its verdict ($7,000), plaintiff moved pursuant to N.C. R. Civ. P. 59 for additur or, in the alternative, for a new trial on the issue of damages. In his response to plaintiff's motion, defendant consented to increasing the jury's verdict to $10,564.05; payment of pre- and post-judgment interest in the amount of $1,690.24; and payment of costs in the amount of $2,439.61. The trial court concluded that "the jury verdict [wa]s adequate" and denied plaintiff's motion.

As a preliminary matter, we note that this Court has subject matter jurisdiction over this issue. While the general rule is that "[o]nly a 'party aggrieved' has a right to appeal[,] . . . [a] 'party aggrieved' is one whose legal rights have been denied or directly and injuriously affected by the action of the trial court." *Selective Ins. Co. v. Mid-Carolina Insulation Co.*, 126 N.C. App. 217, 219, 484 S.E.2d 443, 445 (1997) (citation omitted). Here, although the denial of plaintiff's motion for additur was initially favorable to defendant, the end result was that defendant ultimately became liable for payment of $32,120.00 in attorneys' fees. *See* G.S. § 6-21.1 (attorneys' fees may be taxed as costs where the judgment for recovery of damages is ten thousand dollars or less). Since defendant's rights have been directly and injuriously affected by the decision of the trial court, this Court has jurisdiction to consider this issue.

**[3]** "A ruling on a motion for additur or remittur is within the discretion of [the] trial judge." *Lazenby v. Godwin*, 40 N.C. App. 487, 496, 253 S.E.2d 489, 493 (1979). "[W]hen rulings are committed to the sound discretion of the trial court[,] they will be accorded great deference and will not be set aside unless it can be shown that they were arbitrary and not the result of a reasoned decision." *Albritton v. Albritton*, 109 N.C. App. 36, 42, 426 S.E.2d 80, 84 (1993). "The appellate courts will not supervise the lower court's judgment except in 'extreme circumstances.'" *Lazenby*, 40 N.C. App. at 496, 253 S.E.2d at 494 (quoting *Setzer v. Dunlap*, 23 N.C. App. 362, 363, 208 S.E.2d 710, 711 (1974)).

Here, defendant argues that his consent to the additur establishes an abuse of the trial court's discretion. We are unpersuaded. Careful

review of the record reveals that the trial court made its decision only after considering plaintiff's motion, defendant's response and arguments of both counsel. As nothing in the record before us indicates an abuse of discretion, we conclude the trial court properly denied plaintiff's motion for additur.

## V.

Defendant's final contention is that the trial court erred by awarding plaintiff costs and attorneys' fees. We affirm in part and reverse in part.

The determination to award counsel fees is a matter within the discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 570, 551 S.E.2d 852, 855-56 (2001). However,

> [t]he discretion accorded the trial court in awarding attorney fees . . . is not unbridled. . . . [T]he trial court is to consider the entire record in properly exercising its discretion, including but not limited to the following factors: (1) settlement offers made prior to the institution of the action . . .; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose[]"; (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record.

*Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334-35 (1999) (citations omitted).

"If the trial court elects to award attorney fees, it must also enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Thorpe*, 144 N.C. App. at 572, 551 S.E.2d at 856. "The scope of appellate review is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *Id.* at 570, 551 S.E.2d at 855.

### A. Washington Factors.

[4] Defendant first argues that the trial court abused its discretion by failing to consider each of the *Washington* factors. We disagree.

While a "[m]ere recitation by the trial court that it has considered all [the] *Washington* factors" without making additional findings of fact is inadequate, *id.* at 572, 551 S.E.2d at 857, "the trial court is not required to make detailed findings for each factor." *Id.* (citing *Tew v. West*, 143 N.C. App. 534, 546 S.E.2d 183 (2001)). The trial court must only make findings with respect to "those facts matching th[e] *Washington* factors apposite to the instant case." *Id.* at 573, 551 S.E.2d at 857.

Here, the trial court made nine findings of fact. The trial court specifically found that: no settlement offer was made prior to the institution of the action; no Rule 68 offer of judgment was made; and the judgment finally obtained was more favorable than the offer, since none was made. The trial court further found that, after careful consideration of "all the necessary factors and guidelines set forth in *Washington*" and "the entire record," an award of attorneys' fees was proper under the circumstances. On this record, we conclude no further findings were necessary. First, in light of the finding that no settlement offer was made, a finding as to the timing of a settlement offer would have been unnecessary. Second, this was neither a "superior bargaining power" nor an "unwarranted refusal" case; therefore, findings as to these factors were also unnecessary. Accordingly, this assignment of error is overruled.

### B. Proportionality of Fees to Recovery.

[5] Defendant next argues that the trial court abused its discretion by awarding attorneys' fees in excess of $32,000 in a case where the plaintiff recovered only $7,000. We disagree.

"Abuse of discretion results where the court's ruling 'is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.'" *Thorpe*, 144 N.C. App. at 570, 551 S.E.2d at 855 (citations and internal quotation marks omitted). Here, plaintiff supported his motion for attorneys' fees with detailed time and billing statements, which are included in the record on appeal. The record indicates that the trial court considered these statements, together with argument from counsel, in determining whether and to what extent attorneys' fees were appropriate. We hold that these

statements are competent and sufficient to support the trial court's award and find no abuse of discretion.

### C. *Findings of Fact.*

[6] Defendant next argues that the trial court's findings of fact fail to support its decision to award attorneys' fees. We disagree.

In addition to the *Washington* factors, "[i]f the trial court elects to award attorney fees, it must also enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Thorpe*, 144 N.C. App. at 572, 551 S.E.2d at 856.

Here, the trial court specifically found:

5. The attorneys' fees requested are reasonable based on competent evidence including the time and labor expended by Plaintiff's counsel prior to and during trial; the skill exhibited by Plaintiff's counsel before the Court; the customary fee for like work; and the experience and ability of Plaintiff's counsel.

6. After careful review of hours and rates submitted to the Court, the Court finds that the hours expended by attorneys Marvin K. Blount, Jr., Ted Mackall, Jr., and Marvin K. Blount III on behalf of the Plaintiff in this action are reasonable in time and manner under the circumstances of this case, and at rates per hour that are reasonable in this area for this type of work by attorneys with their respective experience and expertise in personal injury law of this nature.

We have already concluded that the trial court's findings satisfied the requirements of *Washington*. Likewise, we have concluded that the statements of rates and hours that accompanied plaintiff's motion for attorneys' fees were competent to support the fees awarded by the trial court. In light of these conclusions, we hold that the above quoted findings are sufficient to support the trial court's award of attorneys' fees.

[7] Defendant next argues that the record fails to support the trial court's finding that "[d]efendant made no offer to settle prior to the verdict being received."

After conducting its own investigation, defendant's insurance carrier, North Carolina Farm Bureau Mutual Insurance Company ("Farm

Bureau"), denied liability for the accident. In December 1996, Farm Bureau's agent stated that "he would reconsider the denial if Plaintiff would settle th[e] case for litigation costs in the $3,000.00 to $8,000.00 range." Defendant contends that this compels the conclusion that he made an offer to settle. We disagree.

"An offer [of compromise] must be definite and complete[.] . . . [A] mere proposal intended to open negotiations which contains no definite terms but refers to contingencies to be worked out" cannot form the basis for an enforceable contract. *Seawell v. Continental Casualty Co.*, 84 N.C. App. 277, 279, 352 S.E.2d 263, 264 (1987). Moreover, "it must be made known to the purported offeree, in clear and unmistakable terms, that the act or promise is being offered as an offer to compromise." 15A Am.Jur.2d, *Compromise and Settlement* § 13, p. 735 (2000). Here, Farm Bureau's statement was more akin to a proposal intended to open negotiations within a range of values from $3,000 to $8,000 than an offer to settle the claim. The statement was indefinite and incomplete as to its terms and did not clearly purport to be an offer to compromise. Accordingly, this assignment of error is overruled.

Defendant next contends that there was no competent evidence in the record to support the trial court's findings that the "attorneys' fees requested" and the "hours expended" were reasonable. For the reasons set forth in sections *V.B. and V.C.* of this opinion, these assignments of error are overruled.

### D. Costs.

Finally, defendant argues that the trial court erred by awarding as costs amounts not recoverable by statute or as provided by law. We agree.

After the jury returned its verdict, plaintiff moved for and was awarded costs in the amount of $5,595.55. Included within this amount were the following itemized expenses: (1) $1,210.41 for photocopies; (2) $48.53 for telephone calls; (3) $23.64 for photographs; (4) $93.80 for medical records and reports; (5) $1,434.90 for expert witnesses; (6) $270.98 for travel and meals; and (7) $1,378.85 for trial diagrams and exhibits.

G.S. § 6-20 allows the trial court to assess "costs" in its discretion. "[W]hile the decision to tax costs is not reviewable absent an abuse of discretion, the discretion to award costs is strictly limited by our

statutes." *Muse v. Eckberg*, 139 N.C. App. 446, 447, 533 S.E.2d 268, 269 (2000) (citation omitted). "The trial court . . . is prohibited from assessing costs in civil cases which are neither enumerated in section 7A-305 nor 'provided by law.' " *Crist v. Crist*, 145 N.C. App. 418, 424, 550 S.E.2d 260, 265 (2001) (citation omitted). Although the costs set forth in Article 28 of our General Statutes are "complete and exclusive," G.S. § 7A-320, " 'the authority of trial courts to tax deposition expenses as costs, pursuant to § 6-20, remains undisturbed.' " *Dep't of Transp. v. Charlotte Area Manufactured Housing, Inc.*, 160 N.C. App. 461, 467, 586 S.E.2d 780, 784 (2003) (quoting *Alsup v. Pitman*, 98 N.C. App. 389, 391, 390 S.E.2d 750, 751 (1990)).

### 1. *Expert Witness Fees.*

[8] G.S. § 7A-314(d) provides that "an expert witness . . . shall receive such compensation and allowances as the court, . . . in its discretion, may authorize." However, " 'only witnesses who have been subpoenaed may be compensated.' " *Holtman v. Reese*, 119 N.C. App. 747, 752, 460 S.E.2d 338, 342 (1995) (quoting *Brandenburg Land Co. v. Champion International Corp.*, 107 N.C. App. 102, 104-05, 418 S.E.2d 526, 528-29 (1992)). Here, the trial court made no findings that plaintiff's expert witnesses were subpoenaed and the record before us does not support such a finding. Therefore, plaintiff's expert witness fees were improperly included in the costs assessed against defendant.

### 2. *"Other Costs."*

[9] The itemized expenses numbered (1)-(4), (6) and (7) are not authorized by G.S. § 7A-305. Moreover, in order to be recoverable as deposition costs, these expenses must be "*directly* related to a deposition." *Muse v. Eckberg*, 139 N.C. App. 446, 447, 533 S.E.2d 268, 269 (2000). Where "the record on appeal fails to show conclusively that any of the expenses incurred . . . stemmed directly from a deposition[,]" the trial court's award of costs must be reversed. *Id.* at 448, 533 S.E.2d at 270. Here, the record fails to establish conclusively that any of these expenses were directly related to the taking of a deposition. Therefore, these items were improperly included in the costs assessed against defendant.

Since the trial court lacked authority to assess the foregoing expenses as costs, we reverse and remand for entry of an order not inconsistent with this opinion.

Affirmed in part, reversed in part.

Judges WYNN and TYSON concur.